UNITED STATES <em>v.</em> VIGIL.

1. The court refused to dismiss an appeal by the United States from the Territory of New Mexico, though, contrary to the usually obligatory rule of practice, a transcript of the record had not been filed in this court until about two years after the end of the next term after the

---

allowance of the appeal; it appearing, in excuse for the delay, that an appeal had been properly prayed for in open court at the time that the judgment was rendered, and was then granted; but that the clerk, for some unexplained reason, had neglected to make an entry in his minutes of what was thus done; that the district attorney, on whose application the appeal was granted, not long after retired from office; that so soon as the omission of the clerk was brought to the notice of a new district attorney of the United States, succeeding, he made application to the court to amend the records so that it might appear in accordance with the facts that the appeal had been prayed for at the term in which the judgment was rendered, that the court granted the application and ordered an entry to be made *nunc pro tunc* of an appeal asked for at the term when the judgment was given, and that it be granted.

2. The court adverts to the fact that the government is obliged to trust the conduct of cases in remote parts of the country to subordinate agents; and that where the distance of the seat of government is so great from them as it was here, the difficulty of communication should be taken into view when considering the question of delay.

THIS was a motion to dismiss an appeal taken on the part of the United States from the Supreme Court of the Territory of New Mexico.

The suit was brought by Vigil and others to recover a parcel of land in that Territory, under a special act of Congress, passed 21st June, 1860, which gave the right of appeal to either party, if asked for within one year from the rendition of the judgment. A judgment was rendered against the United States in the court below, *at the January Term*, 1867, from which an appeal was sought to be taken. The only question was as to its regularity. It was maintained on the part of the government that the appeal was prayed for by the district attorney of the United States in court at the time already mentioned, when the judgment was rendered, and was granted, but that the clerk, for some unexplained reason, neglected to make an entry in the minutes of what was thus done.

This omission of the clerk did not appear to have been discovered by the district attorney *till January Term*, 1869. In the meantime this officer in the Territory had retired from the office, and when the omission was brought to his notice by his successor he expressed his surprise, and stated that he not only prayed for the appeal but charged the clerk

to make the entry, and, as he believed, gave him a memorandum to that effect. As soon as the omission came to the knowledge of his successor, he made an application to the court below to amend the record so that it might appear that the appeal had been prayed for, according to the facts, at the term in which the judgment was rendered.

The court granted the application and ordered that an entry be made, *nunc pro tunc*, of an appeal in the cause, asked for at the January Term, 1867, and that the same be granted. But, of course, no transcript of the record was returned and filed in this court before the end of the next term after the allowance of the appeal regarding it as of *that* date.

*Messrs. Watts and Ewing, Jr., in support of the motion,*

Adverting to the fact that the record showed no citation, insisted that although the proceedings finally taken below might establish the appeal and make it valid, as of the January Term, 1867, yet, according to the settled practice of the court, a transcript of the record in the court below must be returned by the clerk and filed in this court before the end of the next term after the allowance of the appeal; otherwise that it would be dismissed for want of jurisdiction, and that, in this respect, the appeal was defective.

*Mr. Akerman, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, contra.*

Mr. Justice NELSON delivered the opinion of the court.

The action of the court below, granting the application made to it by the new district attorney, and ordering that an entry be made *nunc pro tunc* of an appeal in the cause, asked for at the January Term, 1867, and that the same be granted, completed the appeal, and we think it was well sustained by the proofs before the court.

The practice relied on for the present motion for dismissal, may be admitted,* but there are exceptions to the

---

* Castro *v.* United States, 3 Wallace, 46; Edmonson *v.* Bloomshire, 7 Id. 306.

rule. *The United States* v. *Gomez** is an instance. There the proceedings on the appeal had been suspended for the purpose of a motion in the court below to set it aside, and the clerk also had refused to return and file the transcript. These facts were regarded as a sufficient excuse for the delay in filing the record in this court at a subsequent term. *The United States* v. *Booth†* had already established an exception. That was the case of a writ of error and the clerk had refused to return or file the transcript, which occasioned the delay.

The same principle was adopted in the case of *Alviso* v. *The United States.‡* The case had been dismissed at the December Term, 1866, for want of a citation. A motion was made at the succeeding term to reinstate it upon the docket on the production of proof that a citation had been signed by the judge and served on the United States district attorney in due time. Ojection was taken that the proof came too late, as, according to the settled practice of the court, the motion to reinstate must be made at the same term at which the motion to dismiss was granted. But it appearing from the proofs that the clerk's office, where the records were kept, had been partially destroyed by fire in July, 1866, which occasioned great confusion and some loss of the papers, the court regarded the facts as affording a sufficient excuse for the delay.

Now in the case before us the fault of the clerk in not entering the prayer for the appeal has mainly occasioned the delay in perfecting it. It is true the vigilance of the United States district attorney might have corrected the error, but unfortunately he labored under the conviction that the appeal had been prayed for, and allowed, at the time the judgment was rendered, and that nothing was left to be done but the return and filing of the transcript by the clerk, and was not undeceived till his attention was called to the case by his successor.

This neglect of duty by the clerk and inattention of the

---

* 3 Wallace, 762.    † 21 Howard, 512.    ‡ 6 Wallace, 457.

district attorney led to the necessity of a motion to the court to amend the record, so as to make it appear thereon that the proper steps had been taken in due time to secure an appeal on the part of the government. The prayer for an appeal in due time, although not granted then by the court, secures this right, and no delay by the court in its allowance can impair it. The order *nunc pro tunc* contains the allowance. It is true some considerable delay has taken place in perfecting this appeal, but the court is of opinion that it has been sufficiently accounted for from the facts and circumstances appearing on the face of the record. The government is obliged to trust the conduct of cases, in remote parts of the country, to subordinate agents, and the distance in the present instance is so great from the seat of government that a very considerable lapse of time is required to communicate with the head of the department. In such cases some indulgence must be extended to the officers thus engaged, and this difficulty of communication should be taken into consideration in determining the question of delay in conducting the legal proceedings of the government.

The want of a citation was mentioned on the argument as another ground of dismissal, but the answer is, the appeal was taken in open court at the term in which the judgment was rendered. In such cases no citation is necessary.

MOTION DENIED.