### GORHAM v. BROAD RIVER TP.

(Circuit Court, D. South Carolina. January 31, 1902.)

WRIT OF ERROR—AMENDING PETITION NUNC PRO TUNC.

Leave to amend a petition for writ of error nunc pro tunc, after the case has been removed by writ of error, though perhaps unnecessary, a formal petition for the writ not being essential, will be granted, there being a clear clerical error in using the word "defendant" for "plaintiff."

At Law.

See 109 Fed. 772.

J. E. Burke, for plaintiff.
Wm. B. McCaw, and D. E. Finley, for defendant.

SIMONTON, Circuit Judge. The present is a motion by the plaintiff's attorney to amend his petition for writ of error granted in this case. The defendant's attorney was duly notified thereof, and was represented at the hearing. The judgment in the case tried before the court without a jury resulted in a verdict for the defendant, Mr. Burke, who in the cause represented the plaintiff, filed a petition for a writ of error, accompanying the petition with assignment of errors, the bond of plaintiff, and citation in the name of plaintiff. By an error he begins the petition for the writ in these words: "The defendant, by counsel, comes and says that in the record and proceedings in this cause there is manifest error in this, to wit: in the particulars appearing in the assignment of errors hereto annexed as part of this petition." Then he goes on: "Wherefore, for these and other errors apparent on the record, the defendant, by counsel, prays writ of error," etc. He signs it counsel for petitioner. The writ of error granted is to the plaintiff by name, the bond is that of plaintiff, the citation is in the name of plaintiff. The assignment of errors charge error in not granting judgment to plaintiff.

The first question is, can this court entertain this motion, the term having elapsed? It being a clerical error clearly, the court has jurisdiction to do this. In re Wight, 134 U. S. 136, 10 Sup. Ct.

487, 33 L. Ed. 865. Can it entertain the motion, the cause having been removed by writ of error to the circuit court of appeals? In U. S. v. Vigil, 10 Wall. 423, 19 L. Ed. 954, the supreme court sustained an amendment by the circuit court of a record sent up on appeal, in order that it might appear that the appeal was taken in open court; and this was also recognized as proper practice in Gonzales v. Cunningham, 164 U. S. 615, 17 Sup. Ct. 182, 41 L. Ed. 572. If this court can entertain this motion,—and from these cases it would appear that it can,—then should the amendment be granted. A petition for writ of error is not essential if the writ be allowed and citation issued. Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; Brown v. McConnell, 124 U. S. 489, 8 Sup. Ct. 559, 31 L. Ed. 495. The last case says that the statute makes no special provision as to the form of an allowance of appeal. The acceptance of security and the signing of citation is, in legal effect, the allowance of an appeal. The circuit court of appeals, Fifth circuit, in Trust Co. v. Stockton, 18 C. C. A. 408, 72 Fed. 1, decided that a formal petition for a writ of error is not necessary. Even in the case of an appeal it is not necessary if the judge without it signs a citation and approves the bond. Brandies v. Cochrane, supra. If it is necessary, an amendment should be allowed. Every step taken after petition filed shows that the plaintiff was the party aggrieved, who sought a correction of the judgment. The defendant cannot suffer by the amendment.

Let the plaintiff have leave to amend his petition nunc pro tunc so as to strike out the word "defendant" wherever it occurs, and insert the word "plaintiff."