## MATTON STEAMBOAT CO., INC. ET AL. *v.* MURPHY, ACTING INDUSTRIAL COMMISSIONER, ET AL.*

No. 783.  Argued May 5, 1943.—Decided June 1, 1943.

*Mr. Frank C. Mason,* with whom *Messrs. H. Maurice Fridlund* and *Edward L. P. O'Connor* were on the brief, for appellants in No. 783.  *Mr. Francis S. Bensel,* with

*Together with No. 813, *Lake Tankers Corp.* v. *Murphy, Acting Industrial Commissioner, et al.,* also on appeal from the Supreme Court of New York, Appellate Division, Third Department.

whom *Messrs. Hersey Egginton* and *Nicholas Kelley* were on the brief, for appellant in No. 813.

*Mr. Orrin G. Judd,* Solicitor General of New York, with whom *Messrs. Nathaniel L. Goldstein,* Attorney General, *William Gerard Ryan* and *Francis R. Curran,* Assistant Attorneys General, were on the brief, for appellees.

PER CURIAM.

In these cases appellants have sought to appeal under § 237 (a) of the Judicial Code, 28 U. S. C. § 344 (a), from judgments of the New York courts sustaining the validity of the New York Unemployment Insurance Law (N. Y. Labor Law, § 500 *et seq.*). The applicable section, 28 U. S. C. § 350, provides that "no appeal . . . intended to bring any judgment or decree before the Supreme Court for review shall be allowed or entertained unless application therefor be duly made within three months after the entry of such judgment or decree."

The question for our decision is whether the appeals to this Court in these cases were timely. In each, within three months after the judgment of the Court of Appeals (see *Department of Banking* v. *Pink,* 317 U. S. 264), the appellant made timely application for allowance of the appeal to the Chief Judge of the New York Court of Appeals who, being in doubt as to the finality of the judgments, denied the applications shortly before the expiration of the three months period. On application to an Associate Justice of this Court, made shortly after the three months had expired, the appeals were allowed by him with the Court's approval, in order that we might resolve an unsettled question of our practice (see Robertson and Kirkham, Jurisdiction of the Supreme Court of the United States, pp. 717–18). When we set the cases for argument together with two companion cases, *Standard Dredging Corp.* v. *Murphy, ante,* p. 306, and *Interna-*

*tional Elevating Co.* v. *Murphy, ante,* p. 306, we requested counsel to discuss the question whether the appeals were "applied for within the time provided by law."

By Rule 36 of our Rules, an appeal to this Court from a state court of last resort may be allowed "by the chief justice or presiding judge of the state court, or by a justice of this court." But such an appeal may not be allowed when no application is made to the judge or justice authorized to allow it within the period prescribed by the statute. Here appellants' applications to the Chief Judge of the Court of Appeals were timely, and could have been allowed by him either before or after the expiration of the three months period. *Cardona* v. *Quiñones,* 240 U. S. 83; *Latham* v. *United States,* 131 U. S. Appendix, xcvii; *United States* v. *Vigil,* 10 Wall. 423, 427. The appeals could also have been allowed, on such timely applications, by a justice of this Court. And there is nothing in the statute or Rules to preclude application within the three months to both the state judge and a justice of this Court at the same time, where shortness of time makes that necessary to preserve the right of appeal. Cf. *Spies* v. *Illinois,* 123 U. S. 131, 142.

But when the Chief Judge of the Court of Appeals denied appellants' applications and disallowed the appeals, the applications were no longer pending before him and, at least in the absence of any reconsideration by him, appeals could be allowed only on a new application either to him or to a justice of this Court. The time within which such applications could be made is that prescribed by the statute. Its language is peremptory—"no appeal . . . shall be allowed or entertained unless application therefor be duly made within three months." The purport of the words is that the appeal allowed must be one that is applied for within the three months period. An application which has been made within that period and denied does not satisfy that requirement, nor does a later

application filed after the time limit has expired even though it be allowed.

The purpose of statutes limiting the period for appeal is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose. Would-be appellants could prolong indefinitely the appeal period, by making application to one judge within the three months and upon its denial by applying successively to other judges even after the prescribed time for appeal had ended. Moreover, in such cases extension of the period for appeal could be limited only by recourse to the doctrine of laches applied in the particular circumstances of each case.

We conclude that appellants' applications for allowance of the appeals, after the expiration of the three months period, were too late, and that this Court is without jurisdiction to entertain the appeals, which are accordingly

*Dismissed.*