**FARRELL v. LANAGAN, Warden.**

No. 4231.

Circuit Court of Appeals, First Circuit.

March 11, 1948.

846

Alfred A. Albert, of Boston, Mass., for appellant.

Clarence A. Barnes, Atty. Gen. of Mass., and William S. Kinney, Asst. Atty. Gen. of Mass., on the brief for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is an appeal from an order of the district court dismissing a petition for a writ of habeas corpus, discharging the writ, and remanding the petitioner to the custody of the warden of the Massachusetts State Prison at Charlestown, Massachusetts.

In 1929 the petitioner was indicted by a grand jury in Middlesex County, Massa-

chusetts, on two charges of assault with intent to commit rape. The petitioner, who was represented by counsel retained by his sisters, pleaded not guilty to each charge and signed a waiver of his right to trial by jury. At the trial he did not take the stand nor did he call any witnesses. He was convicted and sentenced to imprisonment for not more than twenty years and not less than fifteen years on each charge, the sentences to run consecutively.

He petitioned the federal district court for Massachusetts for a writ of habeas corpus claiming that he was deprived of his liberty without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States. The district court issued the writ and held a hearing. The only witness at the hearing was the petitioner himself. The court assumed for purposes of the case that the petitioner had exhausted his state remedies. It found that he had had a fair trial in open court; that he had waived a trial by jury; that he had elected not to exercise his right to testify in his own behalf and that there was no evidence of denial of due process of law by the state court. It entered its order discharging the writ accordingly. The petitioner's motion for leave to appeal was allowed and a certificate of probable cause issued.

According to the record before us, there was no motion for a directed verdict made at the time of the petitioner's trial in the state court. Nor was there any appeal by way of bill of exceptions from the conviction. The petitioner claims he was unable to afford such an appeal. Later, several petitions for writs of habeas corpus were filed in the state courts. One was filed in the Supreme Judicial Court and "returned because it wasn't a proper writ;" others were filed in various county courts and refused because they were improper. No appeals were taken. A prior petition for a writ of habeas corpus was filed in the federal district court for Massachusetts but this was dismissed, and the district judge refused to issue a certificate of probable cause. A certificate was also refused by a judge of this court, and certiorari was denied by the Supreme Court. Farrell v. Lanagan, 1943, 319 U.S. 776, 63 S.Ct. 440, 87

L.Ed. 1722, rehearing denied, 1943, 320 U.S. 811, 64 S.Ct. 32, 88 L.Ed. 490. The petitioner then brought a writ of error before a single justice of the Supreme Judicial Court of Massachusetts, but this was dismissed. No question was reserved for the full bench, but evidently the petitioner sought certiorari in the Supreme Court of the United States which was refused. Farrell v. Massachusetts, 1946, 327 U.S. 797, 66 S.Ct. 817, 90 L.Ed. 1023, rehearings denied, 327 U.S. 819, 66 S.Ct. 958, 90 L.Ed. 1041; 1946, 328 U.S. 879, 66 S.Ct. 1337, 90 L.Ed. 1647.

It is extremely dubious whether the petitioner has exhausted his state remedies and certainly he has not shown exhaustion of state remedies by the incomplete record presented to us. He claims, however, that neither a writ of error nor a writ of habeas corpus is available to him in the state courts. Although we are inclined to think otherwise, there may be some doubt on the availability of either of these writs. Since the Massachusetts reported cases are not entirely clear, we shall assume, arguendo, in favor of the petitioner, as the district court did, that he could secure no relief in the state courts, and proceed to consider the case on the merits of his claim.

 The claim that he was denied due process because he did not realize what he had signed when he waived jury trial may perhaps be simply disposed of by pointing out that the federal constitution does not prevent a state completely abolishing trial by jury. See Brown v. Mississippi, 1936, 297 U.S. 278, 285, 56 S.Ct. 461, 80 L.Ed. 682; Snyder v. Massachusetts, 1934, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575. Moreover, the district judge evidently concluded from the testimony that Farrell's signing of a waiver of a jury trial, presumably upon advice of his counsel, was voluntary, a conclusion we cannot hold to be clearly erroneous.[1] The petitioner's claim that his counsel was so inadequate as to constitute the trial one in violation of his constitutional rights is simi-

larly not borne out. Counsel was selected and paid for by the petitioner's family, and accepted by him. The fact that counsel had been practicing law only two-and-a-half or three years is not in itself an indication of incompetency. Furthermore, even if incompetency of counsel so selected be assumed, it would not follow from that that the state deprived petitioner of any constitutional right in his trial and conviction.

 Petitioner's failure to testify or to offer a defense was not such as to vitiate the trial. He testified that he did not take the stand because of a desire to protect the complainant's reputation, and because he wanted to wait until he knew more facts. While his choice may have proved unfortunate for him, he certainly was not denied the right to present a defense and it appears he was aware that he had a right to take the stand and produce witnesses. Similarly, the petitioner's other contentions do not show that he was denied due process of law by the state court. He did not prove that there was any suppression of evidence on the part of the prosecution. The only evidence on this point was his statement that the prosecuting attorney knew certain facts that he did not produce. The district judge, however, concluded that he had had a fair trial. We cannot say this was error.

 Petitioner has not clearly shown in any of his alleged grounds that he was denied a fair trial. As was pointed out in Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of the trial court carries with it a presumption of regularity. The burden of proof is on the petitioner to establish denial of his constitutional rights. The court must be convinced by a preponderance of evidence.

This court has said that: "No doubt there may be cases in which it would be clearly erroneous not to believe uncontra-

---

[1] The Federal Rules of Civil Procedure are applicable to habeas corpus on appeal. Rule 81(a) (2), 28 U.S.C.A. following section 723c, Albert ex rel. Buice v. Patterson, 1 Cir., 1946, 155 F.2d 429, certio-

rari denied, 1946, 329 U.S. 739, 67 S.Ct. 83. Thus the requirement of Rule 52(a) that a trial judge's findings are reversible only if clearly erroneous is applicable.

dicted testimony. But so many factors affect credibility that it is hard to conceive of a situation in which we could say that it was clearly erroneous for a trial court to disbelieve, or find insufficient, oral testimony, even if uncontradicted, given with respect to a basic issue by a party having the burden of persuasion." Albert ex rel. Buice v. Patterson, 1 Cir., 1946, 155 F.2d 429, 432, certiorari denied, 1946, 329 U.S. 739, 67 S.Ct. 83.

On the record before us, the petitioner has not shown that he has been deprived of his constitutional rights. His plight appears to be more for executive clemency than for judicial action.

The decision of the District Court is affirmed.