## Ex parte FARRELL.
### No. 4582 Orig.

United States Court of Appeals
First Circuit.
June 8, 1951.

Joseph A. Farrell pro se.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

Since 1929 petitioner Joseph A. Farrell has been a prisoner in Massachusetts State Prison pursuant to a judgment of conviction upon two indictments charging assault with intent to commit rape. The case was tried to a judge of the Superior Court, Middlesex County, a jury trial having been waived. Counsel engaged for Farrell by his family represented him at the trial. Farrell himself did not testify, nor did he offer any evidence in his own defense. No appeal was taken from the judgment, but at various times Farrell has made unsuccessful efforts to obtain relief in the state courts, by way of habeas corpus and writ of error. He has also filed several successive petitions for habeas corpus in the United States District Court for the District of Massachusetts.

The first of these petitions in the court below was filed in 1943. Judge Sweeney dismissed the petition and denied the writ, on the ground that the right to relief, if any, was in the state courts. Both the district judge and a circuit judge denied applications for a certificate of probable cause for appeal. 28 U.S.C. § 2253. Certiorari was denied by the Supreme Court. Farrell v. Lanagan, 1943, 319 U.S. 776, 63 S.Ct. 1440, 87 L.Ed. 1722.

On October 30, 1946, Farrell filed his second petition for habeas corpus in the federal court. This time, Judge Sweeney issued the writ and held a full hearing on the allegations of the petition. Under questioning of his counsel, Farrell testified at length in support of his petition; but no other witnesses were produced either on his behalf or on behalf of the respondent. The district judge filed a memorandum in which he stated: "Even on the petitioner's story, I can find no evidence of denial of due process by the state courts." An order was entered dismissing the petition, discharging the writ, and remanding the prisoner. This order was affirmed by us on appeal. Farrell v. Lanagan, 1 Cir., 1948, 166 F.2d 845, certiorari denied 1948, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775.

On February 10, 1951, the third petition was filed. Judge Sweeney dismissed it and denied the writ, by order on February 14, 1951. His accompanying memorandum stated as follows: "Under the authority of 28 U.S.C.A. § 2244, the application for a writ of habeas corpus is denied. On two prior occasions this Court and the Court of Appeals have denied the writ to this applicant. Although the applicant states that there is included in the present application a ground which has not heretofore been considered, I cannot find that there is really any substantial ground which has not been presented and determined in the prior applications."

Finally, on March 19, 1951, Farrell filed his fourth petition. It came before Judge McCarthy, whose memorandum filed March 21, 1951 stated: "There are no grounds in this application which are not included in the applicant's last petition, and which have not heretofore been considered. See 28 U.S.C.A. sec. 2244." An order dismissing the petition and denying the writ was entered March 22, 1951.

On April 4, 1951, petitioner filed in the district court a document entitled "Assignment of Errors and motion for certificate of probable cause to issue", the first paragraph of which might liberally be construed to serve the purpose of an informal notice of appeal. The motion for a certificate of probable cause was denied on the same day by Judge McCarthy. Also, on April 4, 1951, the district judge denied a motion for leave to proceed with the appeal *in forma pauperis*. On April 11, 1951, Farrell filed a motion for the issuance of a special writ to bring the petitioner before the court for the purpose of argument *pro se* on the existence of probable cause for an appeal. This motion was denied April 13, 1951.

Petitioner did nothing further until May 16, 1951, on which date he filed in this court the motions now under consideration, asking us (1) to issue a certificate of probable cause for the appeal, and (2) to allow peti-

tioner to prosecute the appeal *in forma pauperis*.

In 28 U.S.C. § 2253 it is provided: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." This provision of law goes back to the Act of March 10, 1908, 35 Stat. 40. Congress was concerned to eliminate the abuse of the writ of habeas corpus in the federal courts by the undue interference with state processes incident to protracted appellate proceedings in frivolous cases. See H.R.Rep. No. 23, 60th Cong., 1st Sess. (1908). Thus, for example, sometimes the constitutional point sought to be raised in a petition for habeas corpus is unsubstantial, or clearly without merit in view of controlling decisions of the Supreme Court. Or sometimes the federal district court may issue the writ, and after a full hearing may discharge the same pursuant to findings of fact which an appellate court obviously could not set aside as "clearly erroneous" under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. In such and like cases, in order not to frustrate the important public policy implicit in the above-mentioned provision of 28 U.S.C. § 2253, a district judge should not hesitate to deny an application for a certificate of probable cause for appeal. If he should deny such a certificate, in the conviction that an appeal would surely be futile (except for the achievement of delay), he may be reassured by the fact that the possibility of an appeal is not thereby absolutely cut off, because a certificate of probable cause may still be given, upon timely application, by the circuit justice or a circuit judge who may be persuaded that the appeal ought to be heard.

Though 28 U.S.C. § 2253 provides that an appeal may not be taken in such cases "unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause", we gather from House v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, that upon timely application the court of appeals itself may issue a certificate of probable cause, and thus vest itself with jurisdiction to hear the appeal. The idea seems to be that what one of the circuit judges had power to do individually could be done by the circuit judges collectively acting as the appellate court. If timely application is made to the court of appeals for a certificate of probable cause, it is error for the judges of that court not to consider whether the case is an appropriate one for a certificate of probable cause; and their failure to consider and dispose of such application may be reviewed by the Supreme Court. House v. Mayo, supra.

We have emphasized that the application for a certificate of probable cause must be a "timely" one, because we are clear that such application in the present case was made too late. We reach this conclusion upon the authority of Matton Steamboat Co., Inc. v. Murphy, 1943, 319 U.S. 412, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483, a case which affords a close analogy to the point now before us.

Matton Steamboat Co., Inc. v. Murphy involved the provision of 28 U.S.C. § 350 (1940 ed.) that no appeal intended to bring any judgment or decree before the Supreme Court of the United States for review "shall be allowed or entertained unless application therefor be duly made within three months after the entry of such judgment or decree." Within three months after the entry of a judgment by the Court of Appeals of New York, Claim of Cassaretakis, 289 N.Y. 119, 44 N.E.2d 391, appellant made timely application to the Chief Judge of that court for allowance of an appeal, but the Chief Judge denied the application before the expiration of the three months period. Shortly after the three months had expired, appellant made a new application to an Associate Justice of the Supreme Court for allowance of the appeal, which application the Associate Justice allowed. The Supreme Court, however, concluded that the appeal must be dismissed, since the application to the Associate Justice was untimely, having been made after the expiration of the three months period, and the Court was therefore without jurisdiction to entertain

the appeal. In its opinion the Court said, 319 U.S. at page 414, 63 S.Ct. at page 1128, 87 L.Ed. 1483:

"By Rule 36 of our Rules, 28 U.S.C.A. following section 354, an appeal to this Court from a state court of last resort may be allowed 'by the chief justice or presiding judge of the state court or by a justice of this court.' [See Rules 306 U. S. 714.] But such an appeal may not be allowed when no application is made to the judge or justice authorized to allow it within the period prescribed by the statute. Here appellants' applications to the Chief Judge of the Court of Appeals were timely, and could have been allowed by him either before or after the expiration of the three months period. Cardona v. Quiñones, 240 U.S. 83, 36 S.Ct. 346, 60 L.Ed. 538; Latham v. United States, 131 U.S.Appendix, xcvii, 19 L.Ed. 452; United States v. Vigil, 10 Wall. 423, 427, 19 L.Ed. 954. The appeals could also have been allowed, on such timely applications, by a justice of this Court. And there is nothing in the statute or Rules to preclude application within the three months to both the state judge and a justice of this Court at the same time, where shortness of time makes that necessary to preserve the right of appeal. Cf. Spies v. Illinois, 123 U.S. 131, 142, 8 S.Ct. 21, 22, 31 L.Ed. 80.

"But when the Chief Judge of the Court of Appeals denied appellants' applications and disallowed the appeals, the applications were no longer pending before him and, at least in the absence of any reconsideration by him, appeals could be allowed only on a new application either to him or to a justice of this Court. The time within which such applications could be made is that prescribed by the statute. Its language is peremptory—'no * * * appeal * * * * shall be allowed or entertained unless application therefor be duly made within three months'. The purport of the words is that the appeal allowed must be one that is applied for within the three months period. An application which has been made within that period and denied does not satisfy that requirement, nor does a later application filed after the time limit has expired even though it be allowed."

Further, the Court pointed out, any other construction of the statute would defeat its purpose, since it would permit would-be appellants to "prolong indefinitely the appeal period, by making application to one judge within the three months and upon its denial by applying successively to other judges even after the prescribed time for appeal had ended." 319 U.S. at page 415, 63 S.Ct. at page 1128, 87 L.Ed. 1483.

■■■ An appeal from an order of a United States district court dismissing a petition for writ of habeas corpus, where the detention complained of arises out of process issued by a state court, may not be taken to the court of appeals for review (1) unless notice of appeal is filed within thirty days after the entry of such order, 28 U.S.C. § 2107, and (2) unless the judge who rendered the order or a circuit justice or judge issues a certificate of probable cause, or at least unless the issuance of such certificate is applied for, within the thirty-day period, 28 U.S.C. § 2253. Following the analogy of the Matton case, supra, if such application is made to the district judge and by him denied, the case cannot be got before the court of appeals for review unless within the thirty-day period another application for the issuance of the certificate is presented to a circuit judge or the circuit justice, or, under House v. Mayo, supra, apparently, to the court of appeals itself. Otherwise, the potential period for appeal could be indefinitely prolonged by the expedient of making application to the district judge, within the thirty-day period, and upon denial of the certificate by him, by making applications successively to the circuit judges, or perhaps to the court of appeals itself, even after the prescribed time for appeal had run. Of course, if the petitioner makes the application on time, and the application is granted, the appeal is well taken whether the certificate is actually issued before or after the expiration of the thirty-day period, for the timely applicant should not be prejudiced by the delay of the judge, or of the court, in granting the application for a certificate of probable cause.

■■■ In the present case the order which petitioner seeks to have us review

was entered March 22, 1951. The district judge, on April 4, 1951, denied a motion for a certificate of probable cause. The application to us on May 16, 1951, for a certificate of probable cause, being after the expiration of the thirty-day period, was made too late. Under the Code provisions above quoted, we would have no power to grant the application, even if we otherwise thought there had been probable cause for an appeal. The application must therefore be denied. Since there is no appeal properly before us, we must also deny the motion for leave to prosecute the appeal *in forma pauperis.*

Petitioner cites and invokes our authority under § 262 of the old Judicial Code, 36 Stat. 1162—sometimes referred to as the "all writs" section—now found in 28 U.S.C. § 1651(a). This section provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." We suppose the suggestion is that since our jurisdiction under 28 U.S.C. § 1291 to review the order of the district court has been defeated by the refusal of the district judge to issue a certificate of probable cause, we have power under the "all writs" section, 28 U.S.C. § 1651, in aid of our appellate jurisdiction, to inquire into whether the district judge should have granted the certificate, and then, if we determine that he should have, to bring before us for review the order of the district court dismissing the petition for a writ of habeas corpus. It is clear that we have no such authority. Where the appeal statutes establish the conditions of appellate review, an appellate court cannot rightly exercise its authority to issue a writ under the "all writs" section, 28 U.S.C. § 1651, the only effect of which would be to avoid those conditions and thwart the congressional policy. See Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 87 L.Ed. 1185. See also, as comparable in principle, In re Pennsylvania Co., Petitioner, 1890, 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738; Employers Reinsurance Corp. v. Bryant, 1937, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. For us to grab hold of the present case under 28 U.S.C. § 1651 would not be in aid of our appellate jurisdiction elsewhere granted by law, but would be a palpable evasion of the statutory conditions which Congress has seen fit to impose upon our exercise of appellate jurisdiction in this class of cases.

If the foregoing could be considered doubtful, we deem it proper to add that in any event a certificate of probable cause ought not to be issued in this case. The district judge denied the writ under authority of 28 U.S.C. § 2244 reading: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry." Petitioner claims that his fourth petition for habeas corpus alleges a ground of relief which was not properly raised or determined in the prior habeas corpus proceedings, namely, "that the petitioner's conviction had been obtained by the state's knowing use of false testimony." From the record in the previous habeas corpus appeal, Farrell v. Lanagan, 1 Cir., 1948, 166 F.2d 845, we have judicial knowledge of the fact that this ground of relief was specifically set forth in Farrell's petition for habeas corpus filed in 1946; that Judge Sweeney granted the writ and afforded Farrell full opportunity to establish the truth of such grave allegation; that all Farrell had to offer was his own vague and uncorroborated testimony on the point. Farrell had the burden of proof, and the district court, under the circumstances, was not obliged to believe petitioner's unsupported testimony, even though respondent did not see fit to offer any evidence in contradiction. Albert ex rel. Buice v. Patterson, 1 Cir., 1946, 155 F.2d 429, 432. It is not suggested that petitioner has any new evidence to offer in support of the allegation. In-

deed, if Farrell should come upon any newly discovered evidence tending to show that his conviction was obtained by the prosecution's knowing use of perjured testimony, he should first seek relief in the state courts, on the basis of such evidence, by whatever corrective process might be available. See 28 U.S.C. § 2254. Notwithstanding the lapse of time, there is still such corrective process available, in the form of a writ of error, which may be issued out of the Supreme Judicial Court under C. 250, Mass.G. L. (Ter. ed. 1932) §§ 1, 2, 9 and 10. See Allen v. Commonwealth, 1949, 324 Mass. 558, 87 N.E.2d 192; McGarty v. Commonwealth, 1950, 329 Mass. 413, 95 N.E.2d 158. If we now had jurisdiction of the present attempted appeal, the only question before us would be whether the district judge abused his discretion in denying the writ under authority of 28 U.S.C. § 2244. We could not say that he did.

Orders will be entered denying the motion for the issuance of a certificate of probable cause and denying the motion for leave to prosecute the appeal in forma pauperis.