Robert J. PELLEGRINO,
Plaintiff-Appellant,

v.

The MARATHON BANK, a Florida
Banking Corporation,
Defendant-Appellee.

No. 80–5082.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 25, 1981.

Rehearing Denied May 20, 1981.

rowed money from defendant Marathon Bank (Bank) to finance construction of a home in Florida. Each loan was secured by a mortgage on the home. In July 1977, Bank instituted foreclosure proceedings in state court and obtained a judgment against Pellegrino for $70,880.60. In post-trial motions, Pellegrino alleged for the first time that Bank had, in extending the three loans, violated disclosure provisions of the Truth in Lending Act, 15 U.S.C. §§ 1601–1681t (1976 & U.S.C.A.Cum.Supp. 1980) (TIL). From the denial of those motions, Pellegrino appealed unsuccessfully to the Third District Court of Appeals of Florida. His certiorari petition was denied by the Supreme Court of Florida.

II.

Pellegrino filed the instant TIL suit on November 15, 1978, in the United States District Court for the Southern District of Florida. That court, on August 31, 1979, granted Bank summary judgment finding Pellegrino's TIL claim to have been a compulsory counterclaim in the state foreclosure action. Since he failed to raise the counterclaim in state court, Pellegrino was barred from later asserting it in federal court, the district judge held.

Pellegrino acting *pro se*[1] at this point and living in Pennsylvania, mailed his notice of appeal *dated* September 29, 1979, to the proper district court clerk. It was not received and filed, however, until October 3, 1979, more than 30 days after the date of the judgment. On October 15, Pellegrino moved to proceed *in forma pauperis*; the motion was denied. At last, on November 27, 1979, Pellegrino moved for an extension of time for filing notice of appeal and informed the court that he was unaware of

Frank P. Samford, III, Decatur, Ga., for plaintiff-appellant.

A. M. Schwitalla, Coral Gables, Fla., Mitchell L. Lundeen, Thomas L. Hurst, Miami, Fla., for defendant-appellee.

Before HILL and FRANK M. JOHNSON, Jr., Circuit Judges, and SCOTT *, District Judge.

PER CURIAM:

I.

On three separate occasions in 1976 and 1977, plaintiff Robert J. Pellegrino bor-

---

* District Judge of the Middle District of Florida, sitting by designation.

1. The Record demonstrates that Pellegrino retained the services of at least five different attorneys to handle matters relating or collateral to this case before determining to proceed *pro se*. At some point Pellegrino decided that his legal setbacks were the result of "fraud, collusion and misrepresentations [that] were knowingly advanced to conceal grave violations of Due Process, Civil Liberties and Human Rights and to further suppress collusion and a stealthy fraud practiced on Petitioner Pellegrino by members of the Florida Bar and the Judicial System of the State of Florida ...." Record at 385. He is, however, represented on appeal to this Court by practicing attorneys.

the August 31 summary judgment until September 13, and that he erroneously thought that the three-day "grace period" for certain mailings under Fed.R.App.P. 26(c) applied to the time period for filing notice of appeal. Finding excusable neglect, the district court granted the motion effectively permitting this appeal. Bank, however, swiftly moved this Court to dismiss, which we initially did. On rehearing, we reinstated Pellegrino's appeal specifically reserving the jurisdictional question for hearing-panel determination.

### III.

Bank has charged that the district court abused its discretion in permitting this appeal to proceed. We agree. A brief review of applicable rules, statutes, and cases will elucidate our opinion on this question.

In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of judgment or order appealed from.

Fed.R.App.P. 4(a)(1); see 28 U.S.C. § 2107 (1976). While the quoted passage is unequivocal, the rule is tempered somewhat by subsequent language giving "[t]he district court upon a showing of excusable neglect or good cause, [authority to] extend the time for filing a notice of appeal ...." Fed.R.App.P. 4(a)(5).

■ The strict requirements of Rule 4(a) have been described by the Supreme Court and this Court as "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); Phillips v. Insurance Company of North America, 633 F.2d 1165, 1166 (5th Cir. 1981). The purpose behind this construction "is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed [notice] has been made; and if it has not, to advise prospective appellees that

they are freed of the appellant's demand." Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943). A strict construction of Rule 4(a)(1) necessarily and logically compels us to erect a high threshold in our determination of "excusable neglect" under Rule 4(a)(5).

■ The precise question is whether the district court, in finding "excusable neglect," abused its discretion. See United States v. Lewis, 522 F.2d 1367, 1369 (5th Cir. 1975). The sole factor weighing in Pellegrino's favor is his pro se status at the time of the alleged neglect. Cf. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). As the district court recognized, Pellegrino's "circumstances would be insufficient to entitle [him] to relief were he represented by counsel ...." Record, Vol. II, at 448. But he was represented by counsel, indeed a handful of attorneys, see note 1 supra, until he became convinced of their complicity in "fraud and collusion to perpetrate a stealthy ruse" on him and his family. Id. at 387. In his pro se capacity, Pellegrino filed documents[2] comprising about 18 percent of the record on appeal; they demonstrate astounding familiarity with important procedural aspects of our legal system. See Theriault v. Silber, 579 F.2d 302, 303–04 (5th Cir. 1978), cert. denied, 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979) ("there can be no doubt that [appellant] is as familiar with court practice as almost any layman. It is therefore our conclusion that [his] failure to file a proper notice of appeal must result in his appeal being dismissed."). In fact, that Pellegrino was well aware of the need for compliance with time-filing requirements is clear from his charges, leveled on appeal through the Florida court system, that one of his attorneys "deliberately failed to timely file for rehearing in the above styled cause." Record, Vol. II, at 386. Under these facts, where a pro se appellant has rebuffed representation, has undertaken his own legal cause fully aware of possible consequences,

---

2. These documents include: Memoranda of Law, Certificate of Service, Notice of Hearing, Notice of Filing of Affidavits, notarized Affidavits, Notice of Oral Argument, and Motion to Proceed in Forma Pauperis.

and has demonstrated facility in procedural matters, we hold that the district court abused its discretion in permitting Pellegrino to invoke *pro se* status as a defensive shield insulating him from the result of his own neglect, which we hold clearly inexcusable.

We are without jurisdiction to consider further the issues raised on appeal.

DISMISSED FOR WANT OF JURISDICTION.