MARY C. KELLERMANN *vs.* FREDERICK D. KELLERMAN. January 9, 1984. *Practice, Civil,* Appeal.

After the Appeals Court decision in *Kellermann* v. *Kellermann,* 10 Mass. App. Ct. 856, 856-857 (1980), a hearing was held in the Probate

Court. The judge made findings of fact and entered a modified judgment on January 20, 1981. That judgment awarded the marital home to the plaintiff and left the issue of alimony open.

The defendant refused to sign the deed and filed a motion for stay of judgment pending appeal in the single justice session of this court. Thereafter, the Appeals Court by summary order, 14 Mass. App. Ct. 1307 (1982), see Appeals Court Rule 1:28, as appearing in 10 Mass. App. Ct. 942 (1980), denied the defendant's appeal because he failed to file his claim of appeal in a timely fashion. See Mass. R. A. P. 4 (a), as appearing in 378 Mass. 928 (1979). The defendant's application for further appellate review was denied. See 388 Mass. 1105 (1983).

A single justice of this court then treated the defendant's motion for a stay of judgment as a request for extraordinary relief. See G. L. c. 211, § 3. The plaintiff filed a motion to dismiss, which the single justice allowed. The single justice entered a judgment dismissing the defendant's request for relief. The defendant appeals from the judgment. We affirm.

The issue before us is the correctness of the judgment of the single justice. The defendant does not claim error in that judgment. Rather, he argues error and bias in the probate findings of fact. The correctness of the probate judge's findings is not before us because the defendant failed to file a timely claim of appeal. See Mass. R. A. P. 4 (a). The defendant does not argue that his neglect was excusable. Thus, that issue is waived. See Mass. R. A. P. 16 (a) (4), as amended, in 367 Mass. 919 (1975) (an appellate court need not pass on questions or issues not argued in the brief). Further, there is no record support for the conclusion that the defendant's failure to file the claim of appeal in a timely fashion is attributable to "excusable neglect." See Mass. R. A. P. 4 (c), as appearing in 378 Mass. 928 (1979). Therefore the judgment of the Probate Court is final and not appealable.

The purpose of placing a time limitation on the filing of a notice of appeal is "to set a definite point of time when litigation shall be at an end . . . [and] to advise prospective appellees that they are freed of the appellant's demands." *Browder* v. *Director, Dep't of Corrections,* 434 U.S. 257, 264 (1978), quoting *Matton Steamboat Co.* v. *Murphy,* 319 U.S. 412, 415 (1943) (construing Fed. R. A. P. 4[a]). See *Feltch* v. *General Rental Co.,* 383 Mass. 603, 613-614 (1981). The fact the defendant was appearing pro se does not excuse the failure to file the claim of appeal within the applicable time period. "A pro se litigant is bound by the same rules of procedure as litigants with counsel." *International Fidelity Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983).

*Judgment affirmed.*

*Frederick D. Kellermann,* pro se.

*Mary C. Kellermann,* pro se (*John P. Zelonis* with her).