In re AMERICAN FREIGHT
SYSTEM, INC., Debtor.

AMERICAN FREIGHT SYSTEM, INC.,
Debtor-in-possession, Plaintiff,

v.

W.A. WALKER & ASSOCIATES,
INC., Defendant.

No. 91–4224–SAC.
Bankruptcy No. 88–41050–11.
Adv. No. 90–7339.

United States District Court,
D. Kansas.

March 15, 1993.

Kurt A. Stohlgren, Hillix, Brewer, Hoff-
haus, Whittaker & Wright, Kansas City,
MO, for American Freight System, Inc.

N. Larry Bork, Goodell, Stratton, Ed-
monds & Palmer, Topeka, KS, for W.A.
Walker & Associates, Inc.

## MEMORANDUM AND ORDER

CROW, District Judge.

W.A. Walker & Associates, Inc. ("Walk-
er") appeals the bankruptcy court's orders
denying its motion to dismiss for lack of
personal jurisdiction and its motion to re-
consider that ruling. If the court were to
reach the merits of Walker's appeal, the
issue would be whether personal jurisdic-
tion over a defendant in a non-core proceed-
ing requires minimum contacts with the
forum state. Walker contends the bank-
ruptcy court erred in not considering Walk-
er's nexus to Kansas and in placing exclu-
sive weight on Walker's presence in the
United States. American Freight System,
Inc. ("AFS") asserts this court is without
jurisdiction because the bankruptcy court's
order is interlocutory and Walker has not
obtained leave to appeal this order.[1] In the
alternative, AFS argues the bankruptcy
court applied the correct test in finding
personal jurisdiction.

Walker does not reply to AFS's
well-grounded challenge to this court's ap-
pellate jurisdiction. Its reply brief address-
es only the merits of the appeal. Any
further delay of this appeal for additional
briefing or motions is not justified.[2] The
relevant law is not difficult or unsettled
and is easily applied to the facts of the
case. Whenever cause exists to question
jurisdiction, an appellate court must decide
for itself if jurisdiction is proper. *In re
Simons*, 908 F.2d 643, 644 (10th Cir.1990).

Final orders of bankruptcy courts
are subject to mandatory review, while the
review of interlocutory orders is left to the
district court's discretion.[3] "[A]n order is
final if it ends the litigation on the merits
and leaves nothing for the court to do but
execute the judgment." *In re Durability,
Inc.*, 893 F.2d 264, 265 (10th Cir.1990). The
Tenth Circuit has stayed with the tradition-
al finality rule rather than the more accom-
modating standard adopted by other cir-
cuits to identify "final orders" of bankrupt-
cy judges. *In re Magic Circle Energy
Corp.*, 889 F.2d 950 (10th Cir.1989); *see In
re Simons*, 908 F.2d at 644.

" '[D]enial of a motion to dismiss,
even when the motion is made on jurisdic-
tional grounds, is not immediately reviewa-
ble.' " *In re Magic Circle Energy Corp.*,
889 F.2d at 954 (quoting *Catlin v. United
States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635,
89 L.Ed. 911 (1945)); *see also John E.
Burns Drilling v. Cent. Bank of Denver*,
739 F.2d 1489, 1491 (10th Cir.1984); *In re
Blinder, Robinson & Co., Inc.*, 135 B.R.
899, 901 (D.Colo.1992) (and cases cited

---

1. The appellee did not file a motion to dismiss
 the appeal. Its jurisdictional argument com-
 prises four sentences in its brief, and appellee
 cites only the general statutory provision at 28
 U.S.C. § 158. The parties can expect this court
 to decide jurisdictional issues more quickly
 when they are brought to the court's attention,
 such as by motion, and are fully briefed.

2. Walker's position is revealed in its notice of
 appeal, which states that it is appealing "from

the final order denying its motion to dismiss
based on personal jurisdiction." (Dk. 1).

3. "The district courts of the United States shall
 have jurisdiction to hear appeals from final
 judgments, orders, and decrees, and, with leave
 of the court, from interlocutory orders and de-
 crees, of bankruptcy judges entered in cases and
 proceedings referred to the bankruptcy judges
 under section 157 of this title." 28 U.S.C.
 § 158(a).

therein). The appellant must wait until the bankruptcy court enters final judgment before it can appeal the question of personal jurisdiction. *In re Magic Circle Energy Corp.*, 889 F.2d at 954. The collateral order exception does not reach the denial of a motion to dismiss on personal jurisdictional grounds. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 526–27, 108 S.Ct. 1945, 1951–52, 100 L.Ed.2d 517 (1988) ("[D]enial of a claim of lack of jurisdiction is not an immediately appealable collateral order"); 15A Charles A. Wright, et al, *Federal Practice and Procedure* § 3914.6 at 530 (1992). The bankruptcy court's orders denying Walker's motion to dismiss and motion to reconsider are not final orders.

■ Apparently on the mistaken assumption that it was appealing from final orders, Walker did not file an application for leave to appeal as required by Bankruptcy Rules 8001(b) and 8003(a) and D.Kan. Rule 710(a)(2). Even so, this is not a reason for automatically dismissing the appeal, since Bankruptcy Rule 8003(c) offers procedural clemency to Walker:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the

**4.** The time for filing a motion for leave is the same. *See* Bankruptcy Rule 8003(c) and D.Kan. Rule 710(a)(2).

**5.** "The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any

motion shall be filed within 10 days of entry of the order.

Therefore, the district court may treat a timely notice of appeal as if it were a motion for leave and grant or deny leave, or the court may ask the party seeking an appeal to file such a motion. The prerequisite to any of these options is a timely notice of appeal. In this case, this is not a given fact.

■ The party appealing must file his notice within ten days of the entry of the order. Bankr.Rule 8002(a).[4] The bankruptcy court's order denying Walker's motion to dismiss was filed July 23, 1991. When a timely motion to alter or amend or reconsider is filed, the time for appeal runs from the entry of the order denying that motion. Bankr.Rule 8002(b). Walker filed a timely motion to reconsider, and the bankruptcy court denied it by order filed August 19, 1991. Walker did not file a notice of appeal within ten days of that order but waited twenty-nine days and then filed a motion for extension of time to file a notice of appeal. The bankruptcy court granted this motion, and Walker filed his notice of appeal on the thirtieth day.

■ Extensions to file a notice of appeal are governed by Bankruptcy Rule 8002(c).[5] A motion for extension filed after the appeal period but within twenty days of it may be granted only upon a showing of excusable neglect. Bankr.Rule 8002(c). Because Walker waited until the twenty-ninth day to file its motion for extension, the bankruptcy court properly extended the time for filing the notice of appeal only if Walker carried its burden of showing excusable neglect.[6]

property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code." Bankr.Rule 8002(c).

**6.** There are appreciable reasons for a district court to hesitate before conducting a sua sponte review of the bankruptcy court's order granting an extension of time. The propriety of an extension is left to the discretion of the bankruptcy court, and an appellant will often suffer some prejudice when a finding of excusable neglect is reversed. Another reason, unique to this case, is that the appellee has not challenged

Recently, this court had occasion to address this excusable neglect standard. *In re Cordry*, 149 B.R. 970 (D.Kan.1993). The court laid out the well-established law on this subject:

> The courts uniformly have considered "excusable neglect" to be a requirement that is "strictly construed and strictly applied." *In re GF Corp.*, 127 B.R. 382, 383 (Bankr.N.D.Ohio 1991); *see Matter of Ghosh*, 47 B.R. 374, 375 (E.D.N.Y. 1984). The movant must clearly show that the circumstances causing the delay were unique and that the neglect was excusable. *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 76 (2nd Cir. 1978) (quoted in *In re Bahre*, 30 B.R. 367, 368 (Bankr.D.Conn.1983)); *see Baker v. Raulie*, 879 F.2d 1396, 1399 (6th Cir.1989) (Extensions granted "only in unique or extraordinary circumstances."); *Gooch v. Skelly Oil Company*, 493 F.2d 366, 368, 370 (10th Cir.) (Extensions granted only upon a "real showing of excusable neglect" and under circumstances that "are unique or extraordinary."), *cert. denied*, 419 U.S. 997 [95 S.Ct. 311, 42 L.Ed.2d 270] (1974); *In re O'Connor*, 85 B.R. 590, 592 (W.D.Okla.1987) (Extensions granted only upon "unique circumstances justifying excusable neglect." (citing *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217 [83 S.Ct. 283, 285, 9 L.Ed.2d 261] (1962)). It is fair to say that the strict construction given "excusable neglect" means counsel are

held to a "rigorous standard." *In re GF Corp.*, 127 B.R. at 383.

A lower court's finding of excusable neglect is reviewed for a clear abuse of discretion. *Ooley v. Schwitzer Div., Household Mfg. Inc.*, 961 F.2d 1293, 1306 (7th Cir.), *cert. denied*, [—— U.S. ——] 113 S.Ct. 208 [121 L.Ed.2d 148] (1992); *Gooch*, 493 F.2d at 368. Nonetheless, the exercise of this discretion is necessarily circumscribed by the case law interpreting and applying the excusable neglect standard. *Matter of Dayton Circuit Courts No. 2*, 85 B.R. 51, 54 (Bankr. S.D.Ohio 1988).

149 B.R. at 976 (footnote omitted). The court found that counsel's involvement in other cases and his decision to wait for a designation of the appeal record by the other party did not constitute excusable neglect. *Id.* at 976–77.

In its motion, Walker offered three reasons for not filing its notice of appeal within the original ten-day appeal period and for delaying to the twenty-ninth day to file its motion for extension of time. It took more than ten days for the officers of Walker, a North Carolina corporation, and Walker's attorney in Topeka to consult and decide on taking an appeal. The extension would not unduly prejudice the parties. The plaintiff's counsel did not object to allowing the plaintiff to September 18, 1991, to file its notice of appeal. The bankruptcy court's order cited Rule 8002(c) and referred to the lack of prejudice and the lack of an objection. Neither the motion

---

the bankruptcy court's extension. The court still believes such review is justified in this case. The bankruptcy court's order contains no express finding of excusable neglect. The appellant chose not to respond to the general jurisdictional challenge raised by appellee. More importantly, there is nothing in what Walker said or did in obtaining the extension that suggests it understood there was a requirement for excusable neglect and believed its circumstances met that requirement. Quite simply, Walker risked its appeal on the erroneous assumption that motions for extension of time filed after the original appeal period can be granted as a matter of course. A timely notice of appeal is a mandatory and jurisdictional requirement. *Bartunek v. Bubak*, 941 F.2d 726, 728 (8th Cir. 1991) (citing *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61,

54 L.Ed.2d 521 (1978)). This strict requirement serves "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed [notice] has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demand." *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943). Excusable neglect must be a difficult standard for it to be consistent with the mandatory and strict nature of the related jurisdictional requirements. *Pellegrino v. Marathon Bank* 640 F.2d 696, 698 (5th Cir.1981). Consequently, "the framework within which that discretion [to find excusable neglect] is properly exercisable is severely circumscribed." *Bortugno v. Metro–North Cummuter R.R.*, 905 F.2d 674, 676 (2nd Cir.1990).

nor the order mentions the excusable neglect standard.

 Excusable neglect generally is based on actions of someone other than the appellant or its counsel or on some extraordinary event. *Bortugno v. Metro–North Commuter R.R.* 905 F.2d 674, 676 (2nd Cir.1990). None of Walker's reasons are based on the actions of another or on some extraordinary or unique circumstance. Nothing prevented Walker from filing its motion within the original appeal period thereby giving itself additional time to decide whether to appeal. In our age of modern communication, the court cannot appreciate any real or unanticipated delay caused by having an out-of-state counsel. Difficulty in contacting client within the ten-day period is not excusable neglect. *In re O'Connor*, 85 B.R. at 592.

 The plaintiff's consent or lack of objection to Walker's requested extension does not justify granting it. *In re Pernie Bailey Drilling Co., Inc.*, 111 B.R. 561, 562 (Bankr.W.D.La.1989). It is a fundamental concept that parties cannot confer appellate jurisdiction by agreement. *In re Continental Inv. Corp.* 637 F.2d 8, 9 (1st Cir.1980). "The bankruptcy court may extend the time for an appeal only as permitted by Rule 8002(c)," *In re Herwit*, 970 F.2d 709, 710 (10th Cir.1992) (citations omitted), which is on a showing of excusable neglect when the motion is filed after the original appeal period. Rule 8002(c) does not afford an extension on the agreement of the parties. Since the bankruptcy court improvidently granted the motion for extension of time to file an appeal, Walker's notice of appeal is untimely and need not be treated as a motion for leave to appeal under Bankruptcy Rule 8003(c).

 Even if Walker's notice of appeal had been timely filed, the court would still deny Walker leave to appeal this interlocutory order. The district court is vested with the discretion to hear an interlocutory appeal from the bankruptcy court. *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989). "Interlocutory appeals should be granted sparingly." *In re Bowers–Siemon Chemicals Co.*, 123 B.R. 821, 825 (N.D.Ill.

1991); *see Miami Center Liquidating Trust v. Dade County, Fla.*, 75 B.R. 61 (S.D.Fla.1987) (Review of interlocutory orders "is generally discouraged"). Neither Section 158(a) nor the Bankruptcy Rules specify the standards for granting leave, so the courts have borrowed those from 28 U.S.C. § 1292(b). *See, e.g., In re Blinder, Robinson & Co., Inc.*, 135 B.R. at 901; *In re Bowers–Siemon Chemicals Co.*, 123 B.R. at 824; *In re Friedberg*, 119 B.R. 433, 434 (S.D.N.Y.1990); *In re Blair*, No. 89-1268–C, 1989 WL 107756, 1989 U.S.Dist. LEXIS 11072 (D.Kan. Aug. 15, 1989) (and cases cited in each). The district court may entertain an appeal of an interlocutory order which involves (1) a controlling question of law as to which there is substantial ground for difference of opinion; and (2) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

 The court finds substantial authority for the bankruptcy court's holding that minimum contacts with the forum state are unnecessary. *See* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.1 at 311 (1987) ("The Supreme Court never has ruled on the issue, but all of the courts of appeals that have addressed the question have applied a national contacts standard when process is served under an applicable federal service provision."); *Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir.1990), *cert. denied*, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991). There is a strong federal interest favoring the broad grant of personal jurisdiction with bankruptcy courts. Litigation in multiple forums of matters arising from the bankruptcy would cause delay and expense to the bankrupt estate. The cases cited by Walker do not show the issue here is one on which a substantial ground for difference of opinion exists. Those cases do not address the nationwide service of process in bankruptcy cases and the unique federal policies involved therein. The plaintiff's claim is not of a nature or type that the defendant would be unduly or unfairly bur-

dened from defending it in Kansas. Nor is this a complex and multifaceted case that would justify a piecemeal approach to appeals. The court would not grant Walker leave to appeal the bankruptcy court's interlocutory orders even if it had filed a timely notice of appeal.

IT IS THEREFORE ORDERED that the appeal is dismissed and the case is remanded to the bankruptcy court.