In re ENERCO, INC., Debtor.

In re ENERGY RESOURCES OF MINN., INC., Debtor.

In re ENERCO EXPLORATION AND MANAGEMENT CO., Debtor.

David L. BILLINGSLEY and Billingsley Engineering Company, Plaintiffs,

v.

William D. NEARY, Trustee For the Trade Creditors of Enerco, Inc., and Enerco, Inc., Defendants.

Bankruptcy Nos. BK 3–78–232 G, BK 3–78–233 G and BK 3–78–234 G.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Oct. 22, 1984.

Michael W. Anglin, Dallas, Tex., for plaintiffs.

Gary B. Clark, Dallas, Tex., for trustee.

Glenn A. Portman, Dallas, Tex., for debtor.

## MEMORANDUM OPINION

ROBERT C. McGUIRE, Bankruptcy Judge.

The issue in this case is whether a party that allegedly failed to receive notice of a judgment may be relieved from that judgment under F.R.Civ.P. 60(b), as incorporated by Bankruptcy Rule 9024, after the time for appeal has passed. I hold that in this case no such relief can be granted and the appeal must therefore be dismissed for lack of jurisdiction.

In this adversary proceeding, Billingsley and Billingsley Engineering Company ("plaintiffs") filed a complaint for reclamation seeking the assignment of certain interests in oil and gas leases which had previously been conveyed by the debtor to the Trade Trustee, pursuant to the terms of a confirmed plan. The Trade Trustee filed his answer to the complaint, and after the parties stipulated to all of the relevant facts, the issues were submitted to the Court on briefs on March 1, 1983, without oral argument or a hearing. By Order dated October 28, 1983, the Honorable Glover Roberts found in favor of Billingsley and against the defendants, the Trade Trustee and Enerco, Inc., the debtor. The Order was entered on the Court's docket on February 14, 1984, and the clerk's notation on the docket indicates that copies of the Order were sent to "the U.S. Trustee and Wm. D. Neary", the Trade Trustee.

The Trade Trustee claims that he did not receive notice of the Court's Order, presumably because the law offices of the Trade Trustee were in the process of relocation at the time of the mailing of the Court's Order on February 14, 1984.[1]

The Trade Trustee alleges, and I find, that he first became actually aware of the entry of the Court's Order on July 23, 1984. On August 2, 1984, the Trade Trustee filed a Notice of Appeal with the Bankruptcy Court of the October 28, 1983 Order.

It is the contention of the Trade Trustee that lack of notice of the Court's Order excuses the filing of a Notice of Appeal outside the time limits of the Bankruptcy Rules and that relief from the judgment should be granted on such ground under F.R.Civ.P. 60(b), as incorporated by Bankruptcy Rule 9024.

## DISCUSSION

The time limits within which a notice of appeal of an Order of the Bankruptcy Court may be filed is governed by Rule 8002 of the Bankruptcy Rules. Rule 8002(a) provides, in relevant part, "(a) *Ten-Day Period.* The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from".

---

1. However, the affidavit submitted to this Court dated September 28, 1984, states that "During the weekend of Friday, *September 30 through Sunday, October 2, 1984* (*sic,* probably should be 1983) the law firm of ... of which I am a partner, relocated its offices from the Republic-Bank Dallas Building, Dallas, Texas, to First City Center, Dallas, Texas." Signed by the Trade Trustee, William D. Neary. [Emphasis supplied].

The ten-day limit provided by subsection (a) of Rule 8002 is modified by subsection (c), which allows the Court to extend the time limit for a period of an additional twenty days in certain cases where the failure to properly file the notice of appeal under subsection (a) was due to excusable neglect.

After the time periods of Rule 8002 have expired, the Appellate Court is without jurisdiction to hear the appeal. *Browder v. Director, Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) ("... time limit is 'mandatory and jurisdictional.'"); *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960); *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir.1983); *Burnside v. Eastern Airlines*, 519 F.2d 1127, 1128 n. 2 (5th Cir.1975). The purpose of the rule is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose". *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943).

It is within this context that the Trade Trustee's Motion for Relief from Judgment must be scrutinized. The Trade Trustee seeks a ruling from this Court that would relieve him from the Court's Order after the time for appeal has passed so that he may have another chance to perfect an appeal.

Cases are legion, in this and other Circuits, to the effect that a motion for relief from judgment cannot substitute for a timely appeal. *See United States v. O'Neil, supra* at 372; *In re Morrow*, 502 F.2d 520 (5th Cir.1974); *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693 (5th Cir.1983); *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382 (5th Cir.1978); *Edwards v. Joyner*, 566 F.2d 960 (5th Cir.1978); *Burnside v. Eastern Airlines, supra; Mizell v. Attorney General*, 586 F.2d 942 (2d Cir.1978), *cert. denied*, 440 U.S. 967, 99 S.Ct. 1519, 59

L.Ed.2d 783 (1979); *Kramer v. American Postal Workers Union*, 556 F.2d 929 (9th Cir.1977); *Demers v. Brown*, 343 F.2d 427 (1st Cir.), *cert. denied*, 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64 (1965).

When a motion for relief from judgment is made after the time to perfect an appeal has passed, and the motion is being used only to extend the time for appeal, Rule 60(b) relief squarely collides with the mandate of other Rules designed to implement the strong policy of finality, and therefore, such relief should be denied, absent a showing of exceptional circumstances. *United States v. O'Neil, supra.*

In *Fidelity and Deposit Company of Maryland v. Usaform Hail Pool, Inc.*, 523 F.2d 744 (5th Cir.1975), the appellants were relieved from judgment under Rule 60(b) despite the failure to timely file a notice of appeal. The Fifth Circuit Court of Appeals affirmed the District Court's granting of Rule 60(b) relief, stating that the policy of finality must, on occasion, give way to unusual circumstances. In the *Usaform Hail Pool* case, counsel diligently sought to make suitable inquiries to discover for itself the status of the case. *See also, Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5 (5th Cir.1970). In *Usaform Hail Pool*, the District Court assured counsel that his repeated inquiries were unnecessary and that counsel would be informed of the entry of judgment. Despite this assurance and counsel's due diligence, final judgment was entered and counsel was not informed. The Fifth Circuit deemed relief from judgment in such a circumstance to be warranted.

Counsel for Trade Trustee has cited *In re Alithochrome Corp.*, 34 B.R. 354 (Bankr.S.D.N.Y.1983), for the proposition that a party may be granted Rule 60(b) relief from a judgment after time for appeal has passed. In the *Alithochrome* case, judgment had been entered on a subsidiary docket rather than on the main docket and it was held to be clearly understandable that the entry would have been missed by a diligent search. "The record shows that the plaintiff did exercise due diligence in attempting to monitor the case

docket so that it might process the appeal which it intended to take and perfect as soon as it received knowledge that a judgment had been entered." *Id.* at 357.

In the present case, the Trade Trustee admits that *no attempt was made to monitor the Court's docket to ascertain the status of the case.* (BRIEF OF TRUSTEE FOR THE TRADE CREDITORS OF ENERCO, INC. IN SUPPORT OF MOTION FOR RELIEF FROM ORDER 4.) Additionally, the notation of the bankruptcy clerk on the docket shows that, on the date of entry of the Order, a copy was mailed to the Trade Trustee.

This Court need not decide the question of whether the Trade Trustee's failure to timely file a notice of appeal was the result of excusable neglect. The standard for the granting of the relief for which the Trade Trustee moves the Court clearly requires exceptional circumstances and due diligence on the part of counsel in monitoring the docket. Absent such due diligence in the monitoring of the docket, the relief must be denied. *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir.1984).