**In the Matter of FUTURONICS CORPORATION, Debtor.**

**Bankruptcy No. 75 B 11.**

United States Bankruptcy Court, S.D. New York.

Jan. 8, 1985.

Jeffrey Freedman, Philadelphia, Pa., for Sycamore Industries.

Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for debtor; Gary Blum and Jeffrey Friedman, New York City, of counsel.

## DECISION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

Sycamore Industries, Inc. ("Sycamore") filed a notice of motion on December 3, 1984 seeking an extension of time within which to appeal this Court's November 8, 1984 order confirming the second amended arrangement of Futuronics Corporation ("Futuronics"). The motion came on for a hearing on December 21, 1984. Sycamore did not appear at the hearing on confirmation, nor did it file any objection with the Court. Its last prior appearance before this Court was at the hearing on a proposed settlement of a dispute regarding the amount of interest to be paid on unsecured claims. At that hearing, Sycamore simply joined in the objection filed by the Liebman Firm. Apparently, Sycamore was content to let the Liebman Firm also pursue an objection to confirmation, without either filing its own objection or appearing in opposition. The Liebman Firm subsequently withdrew its opposition to confirmation.

Rule 802(a) of the former Rules of Bankruptcy Procedure ("former Rule 802(a)"), which were applicable under the old Bankruptcy Act of 1898, requires that a notice of appeal be filed "within 10 days of the entry of the judgment or order appealed from." In this case, the confirmation order was entered by a Clerk of the Court on November 9, 1984, and no notice of appeal was filed during the next 10 days. Fourteen days after expiration of the time to appeal, Sycamore filed its notice of motion seeking an extension of that time. It made no request for an immediate hearing. The motion was noticed for December 18, 1984, some 39 days after entry of the confirmation order and issue came on to be heard on December 21, 1984, 42 days after entry of that order.

Former Rule 802(c) provides for extending time to appeal under certain circumstances:

The referee may extend the time for filing a notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise pre-

scribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.

Thus, it is clear that the time for an appeal in this case could only be extended upon a showing of excusable neglect, since the instant motion was made after the expiration of the original time to appeal.

Additionally, a fair reading of former Rule 802(c) indicates that extensions of time to appeal are limited under any circumstances to 20 days after the original expiration date. *In re W.T. Grant Co.*, 425 F.Supp. 565, 567 (S.D.N.Y.1976), aff'd 559 F.2d 1206 (2d Cir.1977). This interpretation of the Rule is supported by the Advisory Committee's Note, which states, in pertinent part:

Moreover, any allowable extension cannot exceed the 20-day limitation prescribed by the first sentence of subdivision (c). Thus, the maximum time allowable under this rule for filing an appeal is 30 days from the entry of the judgment or order appealed from ...

The Advisory Committee's Note thus makes it clear that even where a request for an extension of time is made within the 20 day additional period provided by the last sentence of former Rule 802(c), as in the present case, the Court may not extend the appeal time for a period exceeding the *remaining portion* of the additional 20 days even upon a showing of excusable neglect. 13 Collier on Bankruptcy ¶ 802.-07[6], p. 8–37 (14th Ed.1977). Thus, by the time Sycamore's motion came on for a hearing, this Court was powerless to grant an extension, since the entire 30 day period provided for by former Rule 802(c) had already elapsed.

■ In any event, Sycamore failed to show excusable neglect in this case, which is a prerequisite to the Court granting any extension of time to appeal requested after the expiration of the initial appeal period.

As evidence of excusable neglect, Sycamore points to the failure of the Clerk of the Court to give it timely notice of the entry of the confirmation order, as well as the departure from counsel's law firm of the associate primarily responsible for Sycamore's interests in the Futuronics case. Sycamore further justifies its absence by averring that it relied on the Liebman Firm to pursue its objection to confirmation.

■ These circumstances do not sufficiently evidence excusable neglect. First, lack of notice from the Court does not excuse a party's failure to file a timely appeal. Former Bankruptcy Rule 922 provides:

(a) *Judgment or Order of a Referee.* Immediately upon the entry of a judgment or order made by him, the referee shall serve a notice of the entry by mail in the manner provided by Rule 705 upon any party who opposed the making of the judgment or order and on such other persons as may be designated by the referee. The service of such notice shall be noted in the referee's docket. Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 802.

Since Sycamore did not oppose the entry of the confirmation order, it was not entitled to the immediate notice provided for by former Rule 922. In any event, even if it had opposed the confirmation, lack of notice of the entry of the order would not have affected Sycamore's time to appeal. It is also well settled that attorneys have a duty to monitor the dockets to keep themselves informed as to entry of orders they wish to appeal. *Mennen Co. v. Gillette Co.*, 719 F.2d 568, 570 (2d Cir.1983); *In re Enerco*, 43 B.R. 412 (Bankr.N.D.Tx.1984); Compare *In re Alithochrome Corp.*, 34 B.R. 354 (Bankr.S.D.N.Y.1983). The mere failure of the clerk to give the parties notice that a judgment has been entered does not provide grounds for a finding of excusable neglect nor warrant an extension of time to appeal. *Fase v. Seafarers Wel-*

*fare and Pension Plans,* 574 F.2d 72, 76–77 (2d Cir.1978).

Sycamore's second rationale for failure to file a timely appeal is that an associate in counsel's firm was primarily responsible for the Futuronics matter. His departure from counsel's firm apparently caused disarray in the handling of Sycamore's interests in the case. This hardly constitutes excusable neglect. First, other counsel in the firm have signed documents filed with this court with respect to Sycamore's claim. Second, the duty to monitor the dockets would seem to be increased when succeeding counsel is less familiar with the case than his predecessor, if only for the purpose of educating counsel as to the parameters of his fiduciary responsibility so he may act accordingly.

Finally, Sycamore's reliance upon the Liebman Firm to pursue an objection to confirmation cannot constitute excusable neglect. Unquestionably, that strategy contained inherent risks, among them the possibility that the Liebman Firm would withdraw its objection to confirmation. That is exactly what transpired. Sycamore conceded at the hearing on this motion that it assumed the risk of that contingency. Its occurrence should not be considered excusable neglect, but rather a failure of a calculated strategy.

The motion for an extension of time to appeal this Court's order of confirmation of the second amended arrangement of Futuronics Corporation is denied.

It is SO ORDERED.