**In re Joel Reese LAXSON, Debtor.**

**Bankruptcy No. 388–36662 RCM–7.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

March 1, 1994.

---

5. Affidavits of Phelps and Loeslin dated March 22, 1994; affidavit of Loeslin, September 10, 1993.

John R. Lively, Fort Worth, TX, for Nichols.

Dennis Olson, Dallas, TX, for Laxson.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR LEAVE TO FILE NOTICE OF APPEAL*

ROBERT McGUIRE, Chief Judge.

Pursuant to Bankruptcy Rule 7052, following are the Court's Findings of Fact and Conclusions of Law on the motion of Kenneth L. Nichols ("Nichols") for leave to file notice of appeal.

#### Findings of Fact

1. On August 23, 1993, the Court heard Nichols' Motion to Reopen Case. At the hearing, the Court ruled that Nichols had not shown sufficient cause to reopen this case.

2. On August 25, 1993, this Court entered an order denying Nichols' Motion to Reopen Case.

3. Allegedly Nichols did not receive a copy of this Court's August 25, 1992 order from the clerk until January 11, 1994. This appears to be borne out by the Clerk's Certificate showing that it was only served on the debtor and the trustee. In the interim, Nichols allegedly had been submitting proposed orders to the clerk.

4. Nichols filed a notice of appeal on December 20, 1993, in the Bankruptcy Court.

5. On January 19, 1994, Nichols filed, in the Bankruptcy Court, a Motion for Leave to File Notice of Appeal, and Notice of Appeal.

6. On February 16, 1994, the District Court directed the District Clerk to return the file to the Bankruptcy Court for ruling on the Motion for Leave to File Notice of Appeal.

#### Conclusions of Law

1. The Court has jurisdiction of this motion.

2. Bankruptcy Rule 8002(a) gives a ten-day period from the entry of an order to file a notice of appeal. Movant failed to file a notice of appeal within this time frame.

3. Bankruptcy Rule 8002(c) allows for the filing of a motion for extension of time to file a notice of appeal. This extension can either be granted within the original ten-day period or upon a showing of excusable neglect, not more than twenty days after the expiration of the time to file a notice of appeal. In essence, a thirty-day outer time limit is placed on the filing of a motion to extend time to file a notice of appeal, and for the actual filing of the notice of appeal by Bankruptcy Rule 8002(c). Nichols' motion does not fall within the time parameters as set forth in Bankruptcy Rule 8002(c). This Court cannot extend the time period for filing a notice of appeal beyond the thirty-day time limit. *Moore v. Hogan,* 851 F.2d 1125 (8th Cir.1988); *In re Universal Minerals, Inc.,* 755 F.2d 309 (3rd Cir.1985); *In re Enerco, Inc.,* 43 B.R. 412 (Bankr.N.D.Tex. 1984). The motion should be denied.