**In the Matter of WILDFLOWER LAND-HOLDING ASSOC. LTD., Debtor.**

**Bankruptcy No. 81–2194.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 14, 1983.

Edward Wotitzky, Punta Gorda, Fla., for creditor.

Langfred White, Tampa, Fla., for debtor.

## ORDER ON REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Request for Extension of Time to File Notice of Appeal filed by Edward Wotitsky, counsel for Craven Thompson & Associates, Inc. (Craven-Thompson), a creditor of Wildflower Landholding Associates, Ltd., the Debtor in the above-styled Chapter 11 case. The Court considered the record and finds as follows:

On December 6, 1982, this Court entered an order partially disallowing a claim filed by Craven Thompson. The claimant filed a Motion for Reconsideration of the Order Disallowing Portion of claim, which Motion was denied by the Court on January 25, 1983. Sixteen days later, on February 10, 1983, the claimant filed the instant Request for Extension of Time to File Notice of Appeal stating as grounds for the extension, (1) that the order from which the appeal is to be taken does not authorize the sale of property, and (2) that the notice of appeal was not timely filed within the ten day period specified by Bankruptcy Rule 802, due to excusable neglect by counsel for the claimant. It is the position of counsel that his absence from the office due to the birth of his child on January 25, 1983, and the attendant confusion during this time which resulted in his failure to timely file a Notice of Appeal, rise to the level of excusable neglect.

Bankruptcy Rule 802(c) states in pertinent part:

"... a request to extend the time for filing a notice of appeal must be made before such time has expired, [10 days from date of entry of order appealed from] except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."

Quoting *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 76 (2d Cir.1978), the Bankruptcy Court in and for the State of Connecticut stated,

"... we believe that the determination of 'whether neglect is excusable depends on the facts of the case at hand and ... should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed. This common sense approach is to be coupled with an awareness that the 'excusable neglect' standard is intended to be a strict one, that the party requesting the extension must make a clear showing that the neglect was excusable and finally, that 'courts should sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served."

*In re Martin-Trigona,* 11 B.R. 414 (Bkrtcy. D.Conn.1981).

It is the opinion of this Court that where an attorney is absent from his practice due to circumstances which could be reasonably anticipated, his absence and resulting failure to timely file a notice of appeal does not constitute excusable neglect. This is especially true where, as here, the attorney is not a sole practitioner, but engages in the practice of law in a firm with at least two other attorneys.

In light of the foregoing, the Request for Extension of Time to File Notice of Appeal must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Request for Extension of Time to File Notice of Appeal filed by Edward Wotitsky, counsel for Craven Thompson and Associates, Inc. be, and the same hereby is, denied.