In re CULMTECH, LTD., Debtor.

CULMTECH, LTD., Movant,

v.

ANJOMAR, INC., Respondent.

ANJOMAR, INC., Movant,

v.

CULMTECH, LTD., Respondent.

Bankruptcy No. 5–87–00065.

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 16, 1988.

Elliott B. Edley, Edley & Reishtein, Wilkes–Barre, Pa., for Anjomar.

Robert N. Opel, II, Kingston, Pa., for Culmtech.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on a Motion filed by Anjomar, Inc. (hereinafter "Anjomar") requesting an Extension of Time For Filing Notice of Appeal from the Order of the Bankruptcy Court dated June 23, 1988. For the reasons provided herein, we deny Anjomar's Motion.

Culmtech, Ltd. (hereinafter "Debtor") initiated this action by filing a Motion to Assume Executory Contract and to Determine Amount Owed on Royalties and Rents. An evidentiary hearing was held and on June 23, 1988, the Court entered an Order finding that Anjomar had breached certain warranties it had given to the debtor. On July 13, 1988, Anjomar filed a Motion for Extension for Filing of Notice of Appeal pursuant to Rule 8002(c). Anjomar has requested an extension of time to appeal citing excusable neglect. The reasons cited in support of the excusable neglect are that counsel did not believe that the Court's June 23, 1988 Order was a final order and further that the ten (10) day appeal period ran on July 5, 1988 when counsel was out of the country, not having returned to the country until July 11, 1988. Anjomar's Motion is vigorously objected to by the debtor because the debtor asserts that if Anjomar believed the Order appealed from was a final Order then Anjomar totally missed filing the appeal within of the 10 days permitted by Bankruptcy Rules 8001 and 8002. Additionally, debtor asserts that the movant's Motion for Extension of Time for Filing the Notice of Appeal does not state excusable neglect to justify grounds for the extension as required by Bankruptcy Rule 8002(c).

Anjomar relies on Rule 8002(c) to justify its position that the Court has discretion to grant the appeal if it finds· excusable neglect. The only reason for excusable neglect presented by Anjomar in this case is that its counsel was out of the country and did not return to the country until after the appeal period had run. We do not find this reason sufficient for us to find excusable neglect under Rule 8002(c). For a case similar to this see *In the Matter of Wildflower Land–Holding Associates, Ltd.*, 34 B.R. 4 (Bankr.M.D.Fla.1983). The *Wildflower Land–Holding Associates, Ltd.* court wrote at p. 5:

"... that where an attorney is absent from his practice due to circumstances which could be reasonably anticipated, his absence and resulting failure to timely file a notice of appeal does not constitute excusable neglect."

Debtor's counsel is a member of a law firm with more than one attorney and as such is not a sole practitioner. We find the arguments of the debtor compelling in that it asserts that counsel's vacation was anticipated and the responsibility for monitoring this matter could have been delegated to another professional in the office. In fact, both members of the law firm are quite familiar with bankruptcy practice and have conducted substantial practice in this court.

Consequently, we deny Anjomar's Motion Requesting an Extension for Filing Ntoice of Appeal pursuant to Rule 8002(c).