**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**Roscoe R. BETZ, Jr., et al., Defendants.**

**Bankruptcy No. 85–0024.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 15, 1990.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Stephen P. Harbeck, Washington, D.C., for SIPC.

Edward F. Zoltanski, Russell R. Miller, Toledo, Ohio, for Roscoe R. Betz, Jr.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon, II.

Randy L. Reeves, Lima, Ohio, for Louis Haubner, Jr.

Charles V. Contrada and Dennis F. Keller, Holland, Ohio, for Donald C. Henninger.

Philip R. Joelson, Toledo, Ohio, for J. Robert & Marilyn Jesionowski.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

David W. Wicklund, and Deborah L. Kovac, Toledo, Ohio, for John E. Thompson and George M. Todd.

Frank J.P. McManus, Toledo, Ohio, for Edward P. Wolfram, Jr.

David P. Rupp, Jr., Swanton, Ohio, for Beverly Betz.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Plaintiff's Motion to Alter or Amend Judgments Entered on January 19, 1990. At the Hearing, Attorneys for J. Robert Jesionowski, John E. Thompson, and George M. Todd appeared and presented Objections to the Motion of the Plaintiff Trustee. Written arguments in support of the Motion were filed by the Trustee and the Securities Investor Protection Corporation. No request for leave to file post-Hearing Briefs was made by the Defendants who appeared. The Court has reviewed the arguments of counsel, as well as the entire record in this case. Based on

that review, and for the following reasons, the Court finds that the Plaintiff's Motion to Alter or Amend Judgments Entered on January 19, 1990 should be granted.

## FACTS

The facts relevant to the determination of this issue are not in dispute. The Court issued Two (2) Memorandum Opinions and Orders on January 19, 1990. In the first decision, the Court struck the Seventh Defense of John E. Thompson, and granted Summary Judgment in favor of the Trustee on his Counterclaim. 112 B.R. 858. The Opinion held that Mr. Thompson could not avoid liability for the Bell & Beckwith deficiency by attempting to rescind the partnership agreement. In the second decision, the Court granted the Plaintiff's Motion for Summary Judgment on the first count of the Complaint, holding that Edward P. Wolfram, Jr., Robert R. Coon, II, J. Robert Jesionowski, Donald C. Henninger, Thomas L. McGhee, John E. Thompson, and George M. Todd were liable for the partnership debts and granting judgment against them, jointly and severally, for Twenty-nine Million Dollars ($29,000,000.00). 112 B.R. 863. Both decisions of the Court deal with only the first count of the Trustee's Complaint, and fully resolve the issues raised in that count against the above Defendants.

The Trustee's Complaint in Adversary Case 85–0024 contains Thirteen (13) counts. The Complaint contains the following allegations and parties:

1) The first count deals with the liability of the general partners, and the former general partners, for the debts of the partnership under Ohio partnership law and 11 U.S.C. § 723(a). Summary Judgment was entered against all of the general partners except Roscoe R. Betz, who had a pending settlement agreement filed with the Court.

2) The second count alleges that the general partners, and former general partners, are liable for Wolfram's breach of trust under Ohio partnership law.

3) The third count seeks to avoid transfers made to general partners while the brokerage was insolvent in the year prior to Bell & Beckwith's bankruptcy. The Trustee's theory of recovery is based upon § 548(b).

4) The fourth count asserts that the transfers in the third count were also fraudulent conveyances under § 548(a)(2) of the Bankruptcy Code, and Ohio fraudulent conveyance statutes.

5) The fifth count claims that certain transfers from Bell & Beckwith to the general partners were preferences under § 547(b).

6) The sixth count is similar to the fourth count, except it involves transfers to the former general partners.

7) The seventh count parallels the fifth count, but seeks to recover transfers made to the former general partners.

8) The eighth count is a state law fraud action for the return of certain transfers which were allegedly made by J. Robert Jesionowski to Marilyn Jesionowski. The Trustee also asks for Ten Thousand Dollars ($10,000.00) in punitive damages, and an accounting.

9) The ninth count involves a promissory note which evidences a loan from Zula Wolfram to Roscoe Betz. The assignment of all Zula Wolfram's property to the Trustee included this demand note, which was originally for Sixty Thousand Dollars ($60,000.00).

10) The tenth count deals with a loan made by Edward P. Wolfram, Jr. to Roscoe Betz for Two Hundred Thousand Dollars ($200,000.00). Mr. Wolfram also assigned all of his property, including the promissory note, to the Trustee.

11) The eleventh count alleges that transfers made by Roscoe Betz to Beverly Betz were in violation of this Court's injunction issued under § 723(b). Orders for a "separation agreement", "property settlement" and "alimony only" were entered in the Fulton County Court of Common Pleas on September 15, 1983, based upon an agreement between the Betz's. The Trustee requests that the transfers be held null and void, and that the property be made part of Roscoe Betz's Chapter 11 estate.

12) The twelfth count involves a loan from Edward P. Wolfram, Jr. to Donald C. Henninger. The loan was for Thirty Thousand Dollars ($30,000.00) and the Trustee alleges that there remains a balance due of Eleven Thousand Dollars ($11,000.00).

13) The thirteenth count seeks to have the general partners amend their tax returns to take a "net operating loss" carry back for federal, state, and local tax purposes, and pay any refunds over to the Trustee.

The record reflects that all of the former general partners, except Louis Haubner, Jr., have been dismissed from this action. All matters involving Roscoe R. Betz, Jr. and Beverly Betz have been resolved in the Order entered by this Court on February 14, 1990 approving the proposed settlement with the Trustee. At the Hearing, counsel for the Trustee stated that with the possible exception of the tax return issue, the remaining counts against the general partners would not be pursued if the judgment based on § 723(a) was upheld on appeal. Essentially, the size of the judgment against the general partners, in relation to their assets, makes most of the remaining counts superfluous. At this time, the only count which the Trustee has indicated he does intend to pursue is count Eight (8), which alleges that certain fraudulent transfers were made from J. Robert Jesionowski to Marilyn J. Jesionowski.

### LAW

■ Initially, the Court notes that even if the January 19, 1990 decisions were found to be interlocutory, the District Court could hear an appeal under 28 U.S.C. § 158(a). *See, In re Durability, Inc.,* 893 F.2d 264 (10th Cir.1990); *In re Cottrell,* 876 F.2d 540 (6th Cir.1989).

In his Motion, the Trustee seeks to have the Court alter or amend the Judgments issued on January 19, 1990 pursuant to Federal Rule of Civil Procedure 54(b), which states:

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, coun-terclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ For Rule 54(b) to be applicable, three conditions must be met. First, there must be multiple claims for relief or multiple parties. 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2656 at 41 (1973). In the case at bar, there are both multiple claims and multiple parties. Second, at least one claim or the rights and liabilities of at least one party must be finally decided. *Id.,* at 42. In this case, the claim in the first count of the Trustee's Complaint has been finally decided as to all of the general partners, except Roscoe Betz. The claim which was based upon § 723(a), and related state law provisions, is separate and logically distinct from the other allegations in the Complaint. Third, the Court must find that there is no just reason for delaying an appeal. *Id.,* at 44. While the first two conditions are fairly mechanical in their application, the third prerequisite is addressed to Court's discretion.

In the Sixth Circuit, the determination of whether there is "no just reason for delay" is guided by *Solomon v. Aetna Life Insurance Co.,* 782 F.2d 58 (6th Cir.1986). In *Solomon,* the Court of Appeals cites a summary of relevant factors listed in *Allis–Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir.1975). Those factors are:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Solomon v. Aetna Life Insurance Co.*, 782 F.2d at 61 n. 2.

■ In the present case, the adjudicated claim is for Twenty-nine Million Dollars ($29,000,000.00). While the other claims are logically separate from the adjudicated claim, and perhaps should have been brought as separate adversary cases, it is the size of the judgment that renders the other claims superfluous should this Court's Memorandum Opinion and Order withstand appeal. It would be a waste of the assets of the estate of Bell & Beckwith for the Trustee to continue to pursue additional claims against the general partners. The instant judgment already far exceeds their apparent ability to pay. Thus, this practical consideration weighs heavily in the Court's decision to certify that there is no just cause for delay in entering the judgment as final.

It does not appear that the need for review might be mooted by further developments in the case. The Court rejected the only counterclaim which was filed in response to the first count of the Trustee's Complaint.

■ At the Hearing on the Trustee's Motion to Alter or Amend, counsel for Mr. Jesionowski argued that if the pending settlement with Roscoe Betz were to fall through, a second appeal of the same issues might be necessary. As previously stated, the Court has signed an Order approving the Betz settlement. While the scenario envisioned by Mr. Jesionowski may remain possible, it does not appear likely. In balancing the competing factors involved in the Motion before the Court, the bare possibility of a second appeal is not pursuasive.

■ Counsel for Mr. Jesionowski also argues that certain matters which are pending either in the main case, or in a separate adversary, should prevent certification because of the possibility of a set-off. There are two considerations which cause the Court to reject this argument. First, the claims asserted by Mr. Jesionowski are not filed in this adversary. Second, any possible set-off will not be of sufficient size to moot the judgment against the general partners.

It was also asserted that certification would result in a deluge of appeals from this adversary case. By adding number of Defendants in each count, Mr. Jesionowski's attorney argued that between Forty (40) and Seventy (70) appeals could be lodged. Thus, based upon considerations of judicial economy, there should be no certification. This argument fails to take into account the status of this adversary case, and the reality of the appellate process. If this Court's judgments are appealed by all of the Defendants, there will not be seven separate appeals. The initial appeal and the cross appeals will be joined and heard together. That is basic appellate procedure. In addition, as previously noted, the liability of the general partners for the debts of the partnership is the critical claim in the Trustee's Complaint, and one of the last major issues in the liquidation of Bell & Beckwith.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, there being no just reason for delay, it is

ORDERED that the Trustee's Motion to Alter or Amend Judgments entered on January 19, 1990 be, and is hereby, Granted.

It is FURTHER ORDERED that both Memorandum Opinions and Orders filed in Adversary Case No. 85–0024 on January 19, 1990 be, and are hereby, Certified as final under Federal Rule of Civil Procedure 54(b).