**In re BELL & BECKWITH, Debtors.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

v.

**Roscoe R. BETZ, Jr., et al., Defendants.**

**Bankruptcy No. 85–0024.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 1, 1990.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Stephen P. Harbeck, Washington, D.C., for SIPC.

Edward F. Zoltanski, and Russell R. Miller, Toledo, Ohio, for Roscoe R. Betz, Jr.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon, II.

Randy L. Reeves, Lima, Ohio, for Louis Haubner, Jr.

Charles V. Contrada and Dennis F. Keller, Holland, Ohio, for Donald C. Henninger.

Philip R. Joelson, Toledo, Ohio, for J. Robert and Marilyn Jesionowski.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

David W. Wicklund, and Deborah L. Kovac, Toledo, Ohio, for John E. Thompson and George M. Todd.

Frank J.P. McManus, Toledo, Ohio, for Edward P. Wolfram, Jr.

David P. Rupp, Jr., Swanton, Ohio, for Beverly Betz.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Thomas L. McGhee's Motion for Extension of Time to File Notice of Appeal and Memorandum in support of the Motion. The Court has reviewed the Motion, and the Memorandum, as well as the entire record in this adversary case. Based on that review, and for the following reasons, the Court finds that the Motion for Extension of Time should be denied as there still remains time in which Defendant McGhee can file his appeal.

## FACTS

The facts necessary for this decision are not in dispute. On January 19, 1990, this Court issued a Judgment against Mr. McGhee and six (6) other Defendants. 112 B.R. 863. A Motion was subsequently filed by the Trustee seeking to have the Judgment certified as final under Federal Rule of Civil Procedure 54(b). This Court issued a Memorandum Opinion and Order certifying the Judgment as final and appealable on February 15, 1990. 112 B.R. 871.

Under Bankruptcy Rule 8002(a), the Defendants had ten (10) days to file their

Notices of Appeal. Because the tenth day fell on Sunday, February 25, 1990, Bankruptcy Rule 9006(a) extended the time to the next day that did not fall on a weekend or a holiday. *See,* Bankruptcy Rule 9006(a). Thus, the ten (10) day period expired on Monday, February 26, 1990. Four (4) Defendants timely filed Notices of Appeal on the February 26th deadline.

Counsel for Thomas L. McGhee has filed for an extension of time to file his Notice of Appeal under Bankruptcy Rule 8002(c). Mr. McGhee requests that the time for appeal be extended until Thursday, March 8, 1990.

## LAW

■ Thomas L. McGhee's Motion requests an extension of time under Bankruptcy Rule 8002(c), which states:

(c) **Extension of Time for Appeal.** The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

Counsel for Mr. McGhee states in his Memorandum that he was out of town, and has not had adequate time to review and evaluate the issue of appeal. The Court notes that Mr. McGhee's attorney is not a sole practitioner, and that additional time for preparation has been afforded Mr. McGhee's counsel due to the litigation of the finality issue prior to the start of the ten (10) day time period. Moreover, Bank-

ruptcy Rule 8002(c) requires a showing of "excusable neglect" by the party moving for the proposed extension of time. The burden of proof is on the movant, and an examination of the Motion and Memorandum do not reflect an affidavit stating the circumstances which would allow a finding that any neglect was "excusable" under the Bankruptcy Rules. Thus, under Bankruptcy Rule 8002(c), the Motion should be denied. *See, e.g., In re Culmtech, Ltd.,* 89 B.R. 418 (Bankr.M.D.Pa.1988); *In re O'Connor,* 85 B.R. 590 (W.D.Okla.1987); *Matter of Dayton Circuit Courts No. 2,* 85 B.R. 51 (Bankr.S.D.Ohio 1988); *In re Tinnell Traffic Services, Inc.,* 43 B.R. 280 (Bankr.M.D.Tenn.1984); *In re Zeller,* 38 B.R. 739 (Bankr. 9th Cir.BAP 1984).

■ However, a review of Bankruptcy Rule 8002(a) indicates that the Notices of Appeal filed by J. Robert Jesionowski, John E. Thompson, George M. Todd, and Donald Henniger, provide an automatic extension to Mr. McGhee. Bankruptcy Rule 8002(a) states:

(a) **TEN-DAY PERIOD.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, *any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed,* or within the time otherwise prescribed by this rule, whichever period last expires. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted. (emphasis added)

Pursuant to this provision, Mr. McGhee is accorded an additional ten (10) day period from the date of the first appeal, as is "any other party". Since all appeals were filed on the same day, Monday, February 26, 1990, Mr. McGhee's appeal may be timely filed during that additional period. *See In re White Motor Corp.,* 25 B.R. 293, 297 (N.D.Ohio 1982) (construing former Bank-

ruptcy Rule 802(a) and applying it to co-defendants); 9 *Collier on Bankruptcy* 8002.-05 at 8002–11 (15th ed. 1988); *also cf., Kurdziel v. Pittsburgh Tube Co.,* 416 F.2d 882, 883–885 (6th Cir.1969) (Construing former Federal Rule of Civil Procedure 78(a) which is now Federal Rule of Appellate Procedure 4(a). Except for the number of days allowed, the language of Rule 4(a) F.R.App.P. was copied in the relevant portion of Bankruptcy Rule 8002(a).); *Jackson Jordan, Inc. v. Plasser American Corp.,* 725 F.2d 1373 (Fed.Cir.1984) (F.R.App.P. 4(a)(3) held broadly applicable); *Meza v. Washington State Department of Social and Health Services,* 683 F.2d 314, 316 (9th Cir.1982) (discussing F.R.App.P. 4(a)(3)); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3950 at 363 (1977).

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Thomas L. McGhee's Motion for Extension of Time be, and is hereby, Denied.

It is FURTHER ORDERED that the Court finds that Thomas L. McGhee's time to file a Notice of Appeal has not yet expired under Bankruptcy Rule 8002(a).