**In re GF CORPORATION, Debtor.**

**In re GF FURNITURE SYSTEMS, INC., Debtor.**

**Bankruptcy Nos. 490–00621, 490–00622.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 22, 1991.

Michael A. Gallo, Youngstown, Ohio, for debtor and debtor-in-possession.

Michael Molinaro, Chicago, Ill., for C.T. Ten, L.P., n/k/a GF Office Furniture, Ltd.

A. Robert Steiskal, Youngstown, Ohio, for David Rowland.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

### ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

The matter before the Court is the Motion of David Rowland for an extension of time to file a notice of appeal pursuant to Bankr.R. 8002(c). On December 6, 1990, this Court entered an Order overruling Rowland's Application for Reconsideration of a prior order regarding the assumption of a contract involving rights under one of Rowland's patents. On December 21, 1990, Rowland filed his Notice of Appeal. Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed with the clerk of the bankruptcy court within 10 days from the date of the entry of the order appealed from. On January 2, 1991, Rowland filed a motion for the extension of time pursuant to Bankr.R. 8002(c) in order to file his

notice of appeal. Bankruptcy Rule 8002(c) provides that:

> the time for filing the notice of appeal ... [may be extended] for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect....

On January 10, 1991, the Court entered an Order overruling the motion of Mr. Rowland for an extension pursuant to Bankr.R. 8002(c). Counsel for Mr. Rowland requests the Court's further consideration of the Motion. Mr. Rowland's counsel arranged a conference call with himself, counsel for the Debtor, counsel for C.T. Ten, L.P. (n/k/a GF Office Furniture, Ltd.), and the Court. Taking counsel's request in that telephone conference as an oral motion to reconsider, the Court has reviewed Bankr.R. 8002(c) and the body of reported decisional law on that subsection's "excusable neglect" requirement, including case law under its predecessor, Bankr.R. 802(c). The decisions reviewed include both published decisions and unpublished decisions reported in the LEXIS and WESTLAW data bases.

The courts in this circuit have uniformly construed the "excusable neglect" requirement of Bankr.R. 8002(c) as one which must be strictly construed and strictly applied. In *In re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982), the court considered whether the "excusable neglect" standard was met where a notice of appeal was timely mailed (two days prior to the running of the appeal time) but where the clerk did not receive the mailed notice until after the appeal time had expired. The court rejected the "mail box test", holding that the factual circumstances there did not constitute excusable neglect. This Court found uniformity in the strict construction of the "excusable neglect" standard not only in the courts of this circuit but in courts throughout the country as well. *In re Bell & Beckwith,* 112 B.R. 879 (Bankr. N.D.Ohio 1990); *In re Dayton Circuit Courts No. 2,* 85 B.R. 51 (Bankr.S.D.Ohio 1988); *In re Albers,* 64 B.R. 154 (N.D.Ohio 1986); *In re W & L Associates, Inc.,* 74 B.R. 681 (Bankr.E.D.Pa.1987); *In re Miller,* 59 B.R. 572 (Bankr.E.D.N.Y.1986); *In re Zeller,* 38 B.R. 739 (Bankr. 9th Cir.1984).

Counsel for Mr. Rowland advised the Court that his failure to timely file the notice of appeal was occasioned by his having been occupied on litigation in other courts constantly through the period from approximately the date of the entry of the Court's December 6, 1990 Order through December 18, 1990, when counsel returned to his office. Counsel indicates that it was then that he found that the Order had been entered on December 6, 1990, and he promptly prepared the necessary papers to prosecute the appeal. He also advised us that he was preparing for subsequent court appearances through the holiday period on a daily basis and that he worked every day except Christmas Day and New Year's Day. The Court credits his representations as accurate. Nonetheless, courts have specifically held that an attorney's preoccupation with other litigation cannot constitute excusable neglect. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705 (9th Cir.1986); *Selph v. Council of the City of Los Angeles,* 593 F.2d 881, 884 (9th Cir.1979); *In re O'Connor,* 85 B.R. 590 (W.D.Okl.1987); *Matter of Ghosh,* 47 B.R. 374 (E.D.N.Y.1984); *In re Culmtech, Ltd.,* 89 B.R. 418 (Bankr.M.D.Pa.1988); *In re Tinnell Traffic Services, Inc.,* 43 B.R. 280 (Bankr.M.D.Tenn.1984). In a factually similar case, the Bankruptcy Court for the Eastern District of Pennsylvania found that a failure to file a notice of appeal or to timely request an extension of the appeal period because of a solo practitioner being involved in litigation in another court did not constitute excusable neglect. *In re Aponte,* 91 B.R. 9 (Bankr.E.D.Pa.1988).

This very strict construction imposes a rigorous standard on counsel, especially where, as here, an attorney is a solo practitioner. Nevertheless, case law clearly establishes that the reason offered by coun-

sel for failure to timely file the notice of appeal does not constitute "excusable neglect" under Bankr.R. 8002(c). In view of the unanimity of precedent, it would be an abuse of judicial discretion and thus reversible error for this Court to enter an order finding that the circumstances here constitute excusable neglect. Rowland's oral Motion to Reconsider is hereby sustained pursuant to Bankr.R. 9023 (Rule 59(e) Fed. R.Civ.P.). Upon reconsideration, however, this Court reaches the same conclusion: the Motion for Extension of Time should be, and is hereby, overruled as it does not demonstrate "excusable neglect." This Order constitutes this Court's final Order in this matter for purposes of appeal.

IT IS SO ORDERED.