### In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.

### Salvador & Rosabel Cavazos, et al., Plaintiffs,

### v.

### Mid State Trust II, et al., Defendants.

Bankruptcy Nos. 89–9715–8P1 through 89–9746–8P1.
Adversary No. 00–500.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 10, 2001.

Abraham Moss, Corpus Christi, TX, W. Keith Fendrick, Foley & Lardner, Tampa, FL, for plaintiffs.

Larry G. Hyden, Jordan, Hyden, Womble & Culbreth, P.C., Corpus Christi, TX, Scott Alan Stichter, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for defendants.

### *MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL*

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

THIS CASE came on for hearing on November 15, 2001, on the motion for extension of time to file a notice of appeal ("Motion") filed by Salvador and Rosabel Cavazos and 294 other individuals who are the plaintiffs in this adversary proceeding ("Plaintiffs"). In the Motion, the Plaintiffs seek an extension of time pursuant to Rule 8002(c)(2) of the Federal Rules of Bankruptcy Procedure [1] to file an appeal of this court's decision entered September 28, 2001, granting summary judgment in favor of the defendants ("Decision").[2]

*Procedural Background*

The Motion was filed on October 10, 2001, one day after the deadline for filing a notice of appeal under Rule 8002(a).[3] In

---

1. References to a "Rule" as used herein shall be to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

2. *Cavazos v. Mid State Trust II (In re Hillsborough Holdings Corp.),* 267 B.R. 882 (Bankr. M.D.Fla.2001).

3. Rule 8002 requires that a notice of appeal or a motion to extend the time to file a notice of appeal be filed within 10 days of the date of the entry of the order or judgment appealed from or the order disposing of a motion to extend time to file a notice of appeal. In this case, the tenth day was Monday, October 8,

the Motion, Plaintiffs' counsel asserts that his failure to timely file a notice of appeal was due to "excusable neglect" and, accordingly, the court should extend the time to file a notice of appeal pursuant to Rule 8002(a)(2). The facts and circumstances leading up to the untimely Motion are not in dispute. They are as follows:

After the entry of the Decision on September 28th, the clerk served it that same day by mail on lead counsel for the Plaintiffs ("Lead Counsel") whose office is located in Corpus, Christi, Texas, and on local counsel for Plaintiffs ("Local Counsel") whose office is located in Tampa, Florida. Lead Counsel received it on Wednesday, October 3, 2001. On that date, Lead Counsel, while in mediation in Houston, Texas, received word that the Decision had been rendered. However, even though Lead Counsel returned to his office on Thursday, October 4th, he did not read the Decision until the weekend of October 6th. As stated in the Motion: "Monday, October 8, 2001 was a Federal Holiday. The earliest counsel could file a Notice would have been [Wednesday] October 10, 2001." Motion, ¶ 3.

There are no other facts contained in the Motion or that were proffered at the Hearing to support the claim that the failure to timely file the notice of appeal was due to excusable neglect. There is no explanation why a notice of appeal was not filed on Tuesday, October 9th. There is also no explanation as to why Local Counsel, who resides in the same city as the court, did not file by hand delivery a notice of appeal on October 9th. Nor is there an explanation as to why Lead Counsel did not utilize the court's after-hours filing procedure that permits papers to be filed by facsimile transmission.[4]

### Conclusions of Law

■ Rule 8002(a) requires that a notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from . . . ." The deadline to file a notice of appeal may be extended pursuant to Rule 8002(c)(2) "upon a showing of excusable neglect." "Excusable neglect" is not a defined term in the Rules.

■ The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership ("Pioneer")*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) interpreted this term in the context of Rule 9006(b). The Eleventh Circuit has held that *Pioneer* applies in determining "excusable neglect" under the similar provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure which rule applies to appeals from the district court to the circuit court. *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir.1996). It appears, therefore, that *Pioneer* is equally relevant in an analysis of Rule 8002(c)(2). *See also In re Van Houweling ("Houweling")*, 258 B.R. 173, 175–76 (8th Cir. BAP 2001) *(citations omitted)*. In *Pioneer*, the Supreme Court

2001, a legal holiday. Accordingly, in accordance with Rule 9006(a), the deadline to file a notice of appeal or motion for order extending the time to file a notice of appeal was October 9, 2001.

4. The court's *After Hours Filing Procedures* are the subject of the court's General Order 01–00002–MIS–TPA which is available at the court or the court's website *(www.flmb.uscourts.gov/procedures.htm)*. These procedures permit filing by facsimile after 4:00 p.m. and until 11:59 p.m. that day. Documents filed via this method will be deemed to have been filed "on the date and at the time printed on the document by the facsimile machine in the Clerk's Office." The court takes judicial notice of the fact that parties in numerous other proceedings have utilized these after-hours filing procedures to include filing notices of appeal.

held that the determination of "excusable neglect" is,

> ... at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. The burden is on the movant to make a showing of "excusable neglect." *In re Schultz*, 254 B.R. 149 at 153 (6th Cir. BAP 2000).

The only "excuse" advanced by counsel for the untimely filing in this case related to counsel's work schedule and other matters. As set out in the Motion, counsel was preoccupied with other litigation and did not receive the Decision until October 3, 2001, or four days after the Decision was entered. He admits, without explanation, that he did not read the Decision thoroughly until October 6th. Accordingly, on that date counsel was aware that he only had four days to file a timely notice of appeal. While the 6th and 7th fell on the weekend, and the following Monday, the 8th, was a federal holiday, counsel could have timely filed the notice of appeal on the next day and day of the deadline—October 9th.

Counsel's assertion that the earliest counsel could have filed a notice of appeal would have been October 10th is completely misplaced. The 9th was not a holiday. Counsel failed to provide any explanation for not filing on the 9th. Admittedly, counsel's office is located in Corpus Christi, Texas. However, the Plaintiffs have local counsel, located in Tampa. Additionally, the Bankruptcy Courts for the Middle District of Florida even permit after-hours filing, and counsel could have filed his notice up until midnight of October 9th.

The court's review of the cases involving counsel's delay in meeting this deadline reveals that there is a line of cases holding that "law office upheaval" or "clerical or office problems" do not constitute excusable neglect. *Pioneer*, 507 U.S. at 398, 113 S.Ct. 1489 ("[i]n assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice ..."); *Schultz*, 254 B.R. at 154 (citing *inter alia Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 268 (6th Cir. BAP 2000)); *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 83 (6th Cir. BAP 1997) (lawyer's practice interfering with compliance with deadline is not "excusable neglect"); *In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D.Ohio 1994) (misunderstanding of Bankruptcy Code and Rules and counsel's heavy workload is not "excusable neglect"); *In re GF Furniture Sys., Inc.*, 127 B.R. 382, 383–84 (Bankr.N.D.Ohio)(solo practitioner's preoccupation with other litigation is not grounds for "excusable neglect").

In this regard, this case is factually similar to *In re Herdmann*, 242 B.R. 163 (Bankr.S.D.Ohio 1999) (*"Herdmann"*). In *Herdmann*, the Chapter 7 Trustee filed a motion for extension to file a notice of appeal but failed to meet his burden of showing excusable neglect. The court there found that the Trustee failed to provide any explanation for failing to act when there was time to take timely action. *Id.* at 167. The other clerical and procedural problems in his office cited as excuses did not amount to "excusable neglect" since they fell within the line of cases which hold that office turmoil does not amount to excusable neglect. *See also Houweling,*

**310**

258 B.R. at 176–77 (movant "offers no explanation" of his failure to act).

Viewing this case in light of the other relevant factors, it is clear that the length of delay was slight but the court believes there is prejudice to the Debtor if the Motion were to be granted. While it is true that the plan was confirmed some time ago, this litigation in this adversary proceeding has been ongoing since July 30, 1999, and is predicated upon a settlement agreement filed in the Debtors' cases dated July 1995. Thus, there is a substantially lengthy history of litigation between the parties that tilts in favor of the Debtors and makes finality a premium in this case.[5]

### Conclusion

■ Pioneer stands for the proposition that in determining whether the neglect is "excusable," a court must make an equitable determination "taking account of all relevant circumstances surrounding the party's omission." In this case, the only circumstances advanced as constituting "excusable neglect" relate to counsel's inattention over the span of five days to the need to file a timely notice of appeal. Under such circumstances, where the only basis for a claim of excusable neglect is inattention of counsel because of preoccupation with other litigation, there is no basis for a finding of excusable neglect.

Accordingly, for the reasons set forth above, it is

ORDERED that the Motion is denied.

5. There is no issue as to the Plaintiffs' good faith.